Harold Bruce HOLLOWAY *v.* STATE of Arkansas

CR 91-142                                                837 S.W.2d 464

Supreme Court of Arkansas
Opinion delivered September 28, 1992

*Bynum & Kizer*, by: *Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Harold Bruce Holloway, while incarcerated in the Arkansas Department of Correction, was charged with first degree murder arising from the death of another inmate. Holloway pled not guilty, was tried by jury, convicted and sentenced to a term of forty years. Holloway served as his own trial counsel, with a court appointed attorney serving as "stand-by."

Holloway appealed from the judgment of conviction but appointed counsel filed a no merit brief pursuant to Ark. Sup. Ct. R. 11(h) and *Anders* v. *California*, 386 U.S. 738 (1967). The Attorney General concurred in the no merit appeal and Holloway then filed a pro se brief urging a single point of error: the trial court abused its discretion in denying his motion for a continuance. Appellant argues the prosecuting attorney withheld all evidence he intended to introduce until the day of trial and the trial court did not allow appellant time to review the evidence. For the reasons stated hereafter we reject the argument and affirm the judgment.

Over some period of time continuing animosity developed between Holloway and another inmate, Lonnie Oliver, and Holloway maintained Oliver had threatened him. Holloway made several requests to be separated from Oliver but no action had been taken. On July 22, 1990, Oliver and Holloway were taken from the cell block to the recreation yard. Both were handcuffed with their hands behind their back. According to Holloway's later statement, he was able to free one of his hands and stab Oliver with a knife fashioned from a piece of metal. Holloway maintains that he acted to protect himself from Oliver

and though he did not testify or call witnesses, he told the jury in closing that he stabbed Oliver but did not intend to kill him. Officer Curtis McDaniel gave this account of the incident:

> I noticed Inmate Holloway moving his arms as if he were trying to get out of his cuffs. Inmate Holloway did slip the cuffs and turned and hit inmate Oliver in the back. At this time, Inmate Holloway turned and ran back toward the cell blocks. This is when I noticed Inmate Holloway with the knife. I gave Inmate Holloway several direct orders to drop it, but the inmate failed to comply with my orders. Holloway stabbed Oliver several more times, and at my last order, Inmate Holloway got off the inmate that he was attacking, turned and told me to get the door opened so that he could go to his cell.

Holloway points out that he requested discovery more than three months prior to trial and the state failed to respond until the trial was actually in progress so that he only became aware of the evidence as it was being introduced. The record reflects that Holloway moved for discovery on August 22, 1990, followed by a motion to compel discovery on October 11 after the state failed to respond. Then, on November 20, Holloway moved for a continuance.

■ There are a number of problems confronting the appellant's theory of reversible error. For one thing we find no ruling by the trial court with respect to the motion for a continuance. Appellant argues a continuance was denied on the day of trial at an in-chambers hearing. But it is appellant's burden to produce a record of the trial proceedings, and this record is silent. Nor did appellant make timely objection contemporaneously with the introduction of the state's evidence. Not until the state had rested its case in chief did appellant renew his motion for a continuance which the trial court denied because no grounds were stated. More important, appellant has failed to demonstrate any prejudice. Appellant was entitled to the names and addresses of the state's witnesses, but not, as he assumes, the substance of their testimony. Ark. R. Crim. P. 17.1(a)(1).

■ We judge the denial of a continuance on the merits of each particular case, recognizing that no two cases are alike. *Lewis* v. *State*, 286 Ark. 372, 691 S.W.2d 864 (1985). We cannot

say in this instance the trial court's discretion was abused.

Affirmed.