Lee GOSTON *v.* STATE of Arkansas

CR 96-440                                     930 S.W.2d 332

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*Chris Tarver,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On April 13, 1993, appellant Lee Goston was arrested (and bonded out the next day) for the aggravated robbery of One Bank in Little Rock which occurred on March 29, 1993. On July 14, 1993, Goston requested a state mental health evaluation, which was granted on July 20, 1993. Goston had five other criminal cases pending against him, and he asked that a full mental evaluation be done in all the cases.

On October 4, 1993, another hearing was held for the purpose of resetting a date for obtaining a report in this case, and the parties agreed upon December 27, 1993. The trial court noted that all pending cases would be continued to the same date. On January 14, 1994, the State Mental Health Services filed its report in this case, finding Goston competent to stand trial, and that Goston did not lack the capacity to conform his conduct to the requirements of the law. In conformity with the earlier proceedings, the present case was continued further until the remainder of Goston's evaluations were received by the court. The trial court actually held four hearings so as to check on the progress of the evaluation reports and to determine when a trial date could be set. On March 7, 1994, the trial court held such a hearing, but granted another evaluation at Goston's request, and the court continued the case until April 25, 1994. At the April 25 hearing, it was determined one evaluation was still out in a separate pending case and both Goston and the prosecutor agreed this case could not go forward; the court granted another continuance until June 20, 1994. On June 20 and on August 1, 1994, Goston and the State again agreed to a continuance because an evaluation in another pending case remained outstanding. Finally, on October 31, 1994, all evaluations had been completed and filed, so the trial court set the present case for a jury trial to be held on May 16, 1995.

On May 16, 1995, Goston asked for a dismissal, claiming his speedy-trial rights had been violated. After the trial court denied his motion, Goston then moved for a continuance, stating that, during one of his other cases tried only four weeks earlier, he had caused a disturbance which had been witnessed by several of the veniremen who were prospective jurors in the present case. The trial court granted Goston's continuance motion, agreeing he probably could not receive a fair trial, considering his earlier disruption,

but, at the same time, it repeated its ruling that the speedy-trial period had been tolled. On June 26, 1995, the trial court set a new trial date for November 9, 1995.

Goston's jury trial commenced on November 9 when, again, Goston moved that his case be dismissed for lack of a speedy trial. Once again, the trial court denied Goston's motion, and subsequently Goston was convicted of aggravated robbery and theft of property. His only point on appeal is that his constitutional right to a speedy trial had been violated; therefore, he is entitled to dismissal of the charges against him.

Goston, citing Ark. R. Crim. P. 28.1(c) and 28.2(a), argues these rules established that he was entitled to have his charges dismissed because he was not brought to trial within twelve months from when he was arrested on April 13, 1993. He further argues that, once he established that he was not tried within the twelve-month period, the burden shifts to the State to show that any delay was the result of Goston's conduct or was otherwise justified. *Collins v. State*, 304 Ark. 587, 804 S.W.2d 680 (1991). Here, Goston's trial date was held on November 9, 1995, or 940 days after his arrest, so Goston submits the State must show excludable periods authorized under Ark. R. Crim. P. 28.3 that would permissibly reduce the 940-day period to the twelve-month period required by law.

The excludable periods under Rule 28.3 relevant to the present case are as follows:

> (a) The period of delay resulting from *other proceedings* concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is competent to stand trial, hearings on pretrial motions, interlocutory appeals, and trial of other charges against the defendant. (Emphasis added.)

> (c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

(h) Other periods of delay for good cause.

To establish whether any delays may be excluded from the speedy-trial period under Rule 28.3, we chronologically list the following significant events:

4-13-93: Goston arrested for aggravated robbery and theft of property.

7-20-93: Per Goston's request, court orders competency evaluation for Goston for the present case and all other pending cases (five in all).

1-14-94: Competency evaluation for the present case filed with the court.

3-7-94: Hearing to determine whether trial may be scheduled. Court grants another mental evaluation at Goston's request. The case is continued until 4-25-94.

4-25-94: Hearing to schedule trial. The court determines that one mental evaluation for another pending case is still outstanding. Goston argues, and the court and prosecution agree, that the case cannot go forward until all competency evaluations are filed with the court. Continuance until 6-20-94.

6-20-94: Hearing to schedule trial. One mental evaluation still outstanding. The court, prosecution and Goston all agree case cannot go forward until all evaluations are in. Continuance until 8-1-94.

8-1-94: Hearing to schedule trial. One mental evaluation still outstanding. Continuance until 10-17-94.

10-31-94: Hearing to schedule trial. All mental evaluations have been received by the court. Trial date is set for 5-16-95.

5-16-95: Goston brings motion to dismiss for lack of speedy trial. Court denies motion. Court grants continuance at the request of Goston. Court rules speedy trial tolled.

6-26-95: Goston is represented by new counsel. Court reschedules trial date for 11-9-95, and determines speedy trial tolled until that date.

11-9-95: Jury trial. Goston brings motion to dismiss for lack of speedy trial. Motion denied. Goston tried and convicted.

First, we point out that Goston concedes the period between July 20, 1993 and January 14, 1994, or 178 days, is properly excluded from the speedy-trial period because the parties were awaiting the results of Goston's mental examination to determine his competency to stand trial. However, citing *Johnson v. State*, 27 Ark. App. 217, 769 S.W.2d 37 (1989), he claims any further excludable time ended when his evaluation report was filed in this case on January 14, 1994. The record fails to support Goston's argument.

As has been thoroughly set out above, Goston, from the time he first requested a mental evaluation in this case on July 20, 1993, insisted that such an evaluation in his other pending criminal cases be completed and filed before going forward with the trial. As a matter of strategy, Goston obviously believed if he were found incompetent to stand trial in one of his five pending cases, he could not be forced to trial in the others. The trial court accommodated Goston's requests in this respect, but continued to schedule periodic hearings to monitor the various cases and missing reports and assure itself that a trial date would be set as soon as possible. In fact, when, on October 31, 1994, the evaluations had been filed in all of Goston's cases, the trial court set a trial date of May 16, 1995. Because Goston was instrumental in obtaining these continuances from January 14, 1994 to October 31, 1994, that 290-day period, too, was authorized and excludable under either Rule 28.3(a), (c) or (h).

In addition, as previously discussed, it was Goston who, on the day of trial, May 16, 1995, asked for another continuance and received it. Again, it was Goston's own antics at an earlier trial which purportedly tainted the jury panel he faced on May 16. Thus, the time period between May 16, 1995 and his trial date on November 9, 1995, 177 days, is also excluded under Rule 28.3(c) because he requested the continuance. When this period and the other excludable periods are deducted from the original 940-day period of delay, it reflects Goston was tried within 295 days, well within the required twelve-month period.

Finally, Goston argues that in denying his motion to dismiss on speedy-trial grounds, the trial court failed to make a written

order or docket entries reflecting the number of days to be excluded as required by Ark. R. Crim. P. 28.3(i). Goston contends that the trial court's actions make the State's burden of establishing excludable periods moot, as the State cannot point to any stated reasoning for the Court's refusal to try Goston in a timely fashion under the speedy trial rule.

■ Goston is correct in that Ark. R. Crim. P. 28.3(i) provides that "[a]ll excludable periods shall be set forth by the court in a written order or docket entry." However, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. *Jones v. State*, 323 Ark. 655, 916 S.W.2d 736 (1996); *Wallace v. State*, 314 Ark. 247, 862 S.W.2d 235 (1993). This court has held that where a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Ark. R. Crim. P. 28.3(i). *Id.* at 254; *Hubbard v. State*, 306 Ark. 153, 812 S.W.2d 107 (1991). This is based on the familiar principle that a defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. *Hudson v. State*, 303 Ark. 637, 799 S.W.2d 529 (1990).

■ In the present case, the trial court specifically noted in its docket notations that the time period between June 26, 1995 and November 9, 1995, did not apply to speedy trial because Goston was granted a continuance. As to the other delays, the record clearly demonstrates that these were attributable to Goston or were legally justified. Thus, Goston cannot now complain about the delays he requested for psychiatric evaluations or continuances.

We affirm.