Paul Steven JONES *v.* STATE of Arkansas

CR 97-351                                    951 S.W.2d 308

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*John F. Gibson, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Paul Steven Jones appeals the judgment of the Drew County Circuit Court convicting him of possession of a controlled substance (cocaine) and sentencing him to a total of ten years' imprisonment in the Arkansas Department of Correction, with imposition of all but fifty-three months suspended. Appellant asserts that the trial court erred by denying the motion to dismiss for lack of speedy trial. Because this appeal involves an interpretation of our Court Rules, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(17)(vi). We affirm.

Appellant was arrested on May 27, 1994. Later, an amended information was filed charging him with possession of a controlled substance (cocaine) with intent to deliver and felon in possession

of a firearm. There were four orders entered of record by the trial court, which excluded various periods of time from the calculation of time for a speedy trial. The trial was held on August 17, 1995. Before the jury had been selected, Appellant made an oral motion to dismiss the charges for lack of a speedy trial. The motion was denied, and Appellant was tried on both charges and convicted of possession of cocaine.

Appellant argues that pursuant to A.R.Cr.P. Rules 28.1 and 28.2, he was entitled to be tried within twelve months from the date of his arrest, excluding any periods of delay authorized by Rule 28.3. When a defendant is not brought to trial within a twelve-month period, the State has the burden of showing the delay was legally justified. *Hulsey v. Smitherman*, 328 Ark. 234, 943 S.W.2d 568 (1997). Once a defendant has made a prima facie showing of a violation of Rule 28.1, the State bears the burden of showing that there has been no violation, in that some of the time comprising the one-year period provided in the rule is to be excluded as "legally justified." *Id.* at 239, 943 S.W.2d at 570. It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996). The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Id.* Under Rule 28.2, the speedy-trial period commences to run "without demand by the defendant[.]" *Id.* at 42, 918 S.W.2d at 169.

Appellant was tried on a date eighty-two days beyond the twelve-month constraint of Rule 28.1. He thus established a prima facie case that a speedy-trial violation had occurred. The burden then shifted to the State to show that the delay was the result of Appellant's conduct or was otherwise legally justified. *See Cupples v. State*, 326 Ark. 31, 929 S.W.2d 150 (1996). The pertinent inquiry on appeal is whether there were excludable periods of time in excess of eighty-two days.

Rule 28.3(i) provides that all excludable periods shall be set by the court in a written order or docket entry. *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996). A trial court should

enter written orders or docket notations at the time continuances are granted to detail the reasons for the continuances and to specify, to a day certain, the time covered by such excluded periods. *Hicks v. State*, 305 Ark. 393, 808 S.W.2d 348 (1991). However, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. *Goston*, 326 Ark. 106, 930 S.W.2d 332.

Rule 28.3 provides that certain periods of time are excludable from computing the time for trial. Notably, Rule 28.3(c) provides:

> The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

We conclude that there were two such excludable periods of time, which totaled 127 days, noted in the present case.

On November 22, 1994, the trial court entered an "Order Excluding Time Under ARCrP 28" revealing that fifty-seven days, from November 22, 1994, to January 18, 1995, would be excluded on motion by counsel for the defendant. Where a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3(i). *Goston*, 326 Ark. 106, 930 S.W.2d 332. Where the trial court specifically noted that the time period did not apply to speedy trial because the appellant was granted a continuance, and the record clearly demonstrated that these were attributable to the appellant or were legally justified, the appellant could not complain about the delays he requested. *Id.* We therefore conclude that this time period of fifty-seven days should be excluded from the calculation of the one-year period, as it was a delay granted at Appellant's request.

On May 1, 1995, the trial court signed another "Order Excluding Time Under ARCrP 28," which excluded seventy days, from May 4, 1995, to July 13, 1995. As with the previous time period, the court excluded this seventy-day period as being on motion by counsel for defendant. Appellant conceded to the

exclusion of this time period at trial, and thus he may not complain of its exclusion on appeal. *See Goston*, 326 Ark. 106, 930 S.W.2d 332. Accordingly, we affirm the trial court's denial of Appellant's motion to dismiss as we conclude that his constitutional right to a speedy trial' was not violated.

Affirmed.