Jeffrey HICKS and Ricardus Flowers *v.* STATE of Arkansas

CR 99-871                                    12 S.W.3d 219

Supreme Court of Arkansas
Opinion delivered March 9, 2000

*Joe Kelly Hardin*, for appellant Jeffrey Hicks.

*James P. Clouette*, for appellant Ricardus Flowers.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellants Jeffrey Hicks and Ricardus Flowers were charged with aggravated robbery, theft of property, and residential burglary as perpetrators of crimes connected with the burglary of Doyle Keith and Debbie Ann Coddington's home in Saline County. They were arrested while fleeing the crime scene and were tried together. The jury returned verdicts convicting each appellant of the charged crimes. Flowers was sentenced to twenty-five years' imprisonment for the aggra-vated-robbery offense and twenty years' imprisonment for the theft-of-property offense and the residential-burglary offense, with the sentences to be served concurrently. Based on Hicks's status as a habitual offender, he was sentenced to life imprisonment, a sen-tence reviewable by this court in accordance with Ark. Sup. Ct. R. 1-2(a)(2). Because there was only one trial and one record, we consider their appeals together. Neither appellant has questioned the sufficiency of the evidence in support of their convictions, so we will only summarize the evidence. Each appellant makes a different assignment of error in seeking reversal, and we affirm the convictions.

On December 28, 1997, the appellants, accompanied by John Fell, who remained in the car, entered the Coddington home while Ashley Coddington, Doyne and Debbie Coddington's daughter, was on the telephone to a friend. Ms. Coddington told her friend of the intrusion, and when the phone was disconnected, the friend called 911, and the dispatcher sent a police officer to investigate.

Hicks held the Coddington family at gunpoint, requiring Mrs. Coddington to remove her jewelry while Flowers struck Ashley Coddington's boyfriend, Ronnie Heinz, in the head with his gun. Flowers threatened to shoot Mr. Heinz and forced him to assist in collecting guns and electronic equipment from the home and from Mr. Heinz's car.

As the appellants fled in the getaway car, Mr. Heinz pursued them in his car, using his cellular phone to report their progress to the 911 dispatcher, describing the location of the getaway car. The dispatcher kept Saline County Deputy Dwain Davidson posted, and when Deputy Davidson's patrol car met the fleeing suspects and Mr. Heinz's car on Vimy Ridge Road, he promptly turned his patrol car around, turned on his emergency lights and sirens, and gave chase. The patrol car quickly passed Mr. Heinz's car, but the fleeing suspects did not stop until they had entered Pulaski County. Deputy Davidson was quickly joined by other police officers, who assisted in the apprehension and arrest of the appellants, as well as in the recovery of the stolen property.

Criminal informations were filed against Hicks and Flowers on February 3, 1998, and on April 22, 1998, Hicks filed a motion for discovery. At a hearing held on July 7, 1998, Hicks failed to appear. However, his attorney was present but did not know where Hicks could be found. A bench warrant was issued for his arrest but was later dissolved when it was determined that Hicks's parole had been revoked on another sentence, and he had been returned to the Department of Correction until October 1998, when he was returned to the Saline County Jail. On October 20, 1998, Hicks was brought before the Saline County Circuit Court on the charges filed in this case, and the court quashed the failure-to-appear warrant.

On September 20, 1998, Flowers had requested a continuance until October 27, 1998, and at that hearing, held on October 27,

1998, "officially waive[d] speedy trial" between that date and the trial setting, February 19, 1999. On December 10, 1998, Hicks filed a motion requesting a severance of his case from Flowers's case, but no ruling was obtained on the motion until April 7, 1999. Hicks did not raise speedy-trial considerations as a reason for the requested severance. On February 18, 1999, Hicks filed a motion, adopting each and every motion previously filed by his co-defendant, Flowers, and on that date joined in a new motion for a continuance.

Flowers filed two motions to dismiss, one alleging a violation of his right to a speedy trial, and the other a motion to dismiss based on an alleged illegal arrest and on March 12, 1999, a hearing was held on these motions. The trial court denied Flowers's motion to dismiss based on speedy-trial violations and Flowers did not pursue this argument on appeal. With respect to Flowers's allegation of an illegal arrest, after hearing testimony from Deputy Dwain Davidson, the trial court found that Deputy Davidson was in fresh pursuit when he arrested Flowers and denied Flowers's motion. On April 7, 1999, the trial court denied Hicks's December 10, 1998, motion for severance of the two cases, and the matter was tried to a jury. Both appellants were convicted, and from those convictions they bring their appeals. Each appellant raises one point on appeal, and we affirm the trial court on both points.

### Hicks v. State

Hicks's sole point on appeal is that the trial court erred in its denial of his motion to dismiss on the grounds that his right to a speedy trial under Ark. R. Crim. P. 28.1 (1999) had been violated.

Rule 28.1 of the Arkansas Rules of Criminal Procedure requires that any defendant charged with an offense in circuit court and held to bail "shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months" from the date of the arrest. *Id.* When a defendant is not brought to trial within a twelve-month period, the State has the burden of showing the delay was legally justified. *Webb v. Ford*, 340 Ark. 281, 9 S.W.3d 504 (2000). Once the defendant has made a *prima facie* showing of a violation of Rule 28.1, the State bears the burden of showing that there has been no violation, in that some of

the time comprising the one-year period provided in the rule is to be excluded as "legally justified." *Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997). It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. *Id.* The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Id.* Under Rule 28.2 of the Arkansas Rules of Criminal Procedure, the speedy-trial period commences to run "without demand by the defendant." *Id. See also Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000).

Rule 28.3 of the Arkansas Rules of Criminal Procedure provides in relevant part that:

> the following periods shall be excluded in computing the time for trial. Such periods shall be set forth by the court in a written order or docket entry, but it shall not be necessary for the court to make the determination until the defendant has moved to enforce his right to a speedy trial pursuant to Rule 28 unless it is specifically provided to the contrary below. The number of days of the excluded period or periods shall be added to the time applicable to the defendant as set forth in Rules 28.1 and 28.2 to determine the limitations and consequences applicable to the defendant.

> \* \* \*

> (c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

> \* \* \*

> (g) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases the defendant acting with due diligence shall be granted a severance so that he may be tried within the time limits applicable to him.

Ark. R. Crim. P. 28.3 (1999).

In the present case, Hicks was arrested for his crime on December 28, 1997, and was tried on April 7, 1999. However, based on the numerous continuances attributable to Hicks and his co-defendant, Flowers, it seems likely that Hicks's right to a speedy trial had not been violated. We note that on December 10, 1998, Hicks filed a motion requesting severance from Flowers's case, but no ruling was made on that motion until the date of trial. On February 18, 1999, Hicks filed a motion adopting "each and every motion" that had been filed by his co-defendant, Flowers, who had previously moved for several continuances, and joined in a new motion for an additional continuance. We also note that on February 19, 1999, the trial court continued the trial from February 19, 1999, to April 7, 1999, and excluded this time from the speedy-trial calculation on the motion of both defendants.

Additionally, Hicks failed to include as a part of the record the docket sheet which might reflect relevant court notations that are pertinent to resolving his speedy-trial claim, and without this information we are unable to review this issue on appeal. In *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999), a case involving an appellant's claim of violation of his right to speedy trial, we wrote:

> ... we affirm on the basis that Appellant failed to include the trial court's docket sheet in the record on appeal. Without the benefit of being able to examine the entries and notations on the docket sheet, we are at a disadvantage to determine whether the trial court erred in ruling that certain periods of time were excludable under Rule 28.3. It is well settled that the appellant bears the burden of producing a record that demonstrates error, and thus we do not consider on appeal matters outside of the record.

*Id. See also, Odum v. State*, 311 Ark. 576, 845 S.W.2d 524 (1993); *Sullinger v. State*, 310 Ark. 690, 840 S.W.2d 797 (1992).

While it appears that the time attributable to continuances granted to Flowers and adopted by Hicks, considered together with motions for continuances filed by both co-defendants, tolled Hicks's speedy-trial calculation, we are unable to reach the merits of this argument on appeal because Hicks failed to include the docket sheet in the record, and therefore the trial court is affirmed.

*Flowers v. State*

On appeal, Flowers contends that the trial court erred when it denied his motion for a mistrial or alternatively a continuance after an alleged discovery violation. Specifically, Flowers argues that Deputy Dwain Davidson's testimony at trial showed that Deputy Davidson had taken measurements to ensure he was in Saline County when he initially observed Flowers, that the existence of these measurements was not disclosed to Flowers prior to trial, and therefore that the trial court should have granted a mistrial or a continuance.

The standard of review for imposing sanctions for discovery violations is whether there has been an abuse of discretion. *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 300 (1998). A prosecutorial discovery violation does not automatically result in reversal. *Clements v. State*, 303 Ark. 319, 796 S.W.2d 839 (1990). The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose. Absent a showing of prejudice, we will not reverse. *Rychtarik v. State*, 334 Ark. 492, 976 S.W.2d 374 (1998).

Rule 17.1 of the Arkansas Rules of Criminal Procedure provides:

> (a) subject to the provisions of Rule 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney:
>
>> (i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial....

Ark. R. Crim. P. 17.1. We have held that this rule requires the prosecutor to provide the names and addresses of the State's witnesses, but not the substance of their testimony. *Holloway v. State*, 310 Ark. 473, 837 S.W.2d 464 (1992). We have also noted that a defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation. *Rychtarik, supra*.

When a party fails to comply with a discovery rule, the court may exercise any of the following options: order that

party to permit the discovery or inspection of materials not previously disclosed; grant a continuance; prohibit the party from introducing the material; or enter another order that the court deems proper under the circumstances. Ark. R. Crim. P. 19.7. It is within the trial court's discretion which sanction to employ. *Rychtarik, supra.* When testimony is not disclosed pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Id.* We have said that a mistrial is an extreme sanction for a discovery violation and is to be avoided unless the fundamental fairness of the trial itself is at stake. *Clements, supra.* We have also held that the action of the trial court in denying a motion for continuance will not be reversed in the absence of a showing of such a clear abuse of the court's discretion as to amount to a denial of justice, and the burden rests upon appellant to show that there has been such an abuse. *Heffernan v. State,* 278 Ark. 325, 645 S.W.2d 666 (1983).

In our analysis of this case, we note that Flowers suffered no prejudice as a result of Deputy Davidson's testimony at trial. There was no concealment by the State of the distances involved nor was any evidence complained of exculpatory in nature. Flowers was provided a list of the witnesses the State intended to call at trial prior to trial and could have interviewed Deputy Davidson or conducted his own investigation into the matter. Next, based on Deputy Davidson's testimony at the pretrial hearing, Flowers was not misled about the nature of his testimony at trial. Specifically, we note the following testimony from the pretrial hearing:

Q. [PROSECUTOR STANDRIDGE] Did you meet those vehicles in route to Cherylwood?

A. [DEPUTY DAVIDSON] Yes, sir, I did.

Q. And do you recall where you first met them?

A. Yes, sir, it was approximately three-tenths of a mile north of Barth Road.

Q. Was that in Saline County?

A. Yes, sir, it was.

Q. There was some mention about Davis Elementary School

A. Yes, sir.

Q. Where is that in relation to where you were and these vehicles were?

A. It's about a tenth of a mile from the county line.

* * *

Q. Where did you turn around at?

A. It was in a driveway approximately two tenths — or three tenths of a mile north of Barth Road.

Q. And was that in Saline County?

A. Yes, sir.

We observe that this testimony contains the same proof of measurements as that advanced at trial and that there appears to be no concealment of the fact that measurements had been made. The essence of Deputy Davidson's trial testimony was substantially the same as his testimony at the pretrial hearing and merely confirmed his pretrial testimony that he was in Saline County when he began pursuit.

█ Any failure to disclose that Deputy Davidson carefully measured the distance involved before giving his testimony did not require the trial court to grant a mistrial or a continuance. We conclude that the State's failure to provide Flowers with the information that exact measurements had been made supporting Deputy Davidson's trial testimony did not adversely impact upon the fundamental fairness of the trial. Because there was no clear showing of an abuse of discretion by the trial court, Flowers's requests for a mistrial or a continuance were properly denied, and we affirm.

*4-3(h) Review*

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.