William Otis SMITH *v.* The Hon. John B. PLEGGE,
Pulaski County Circuit Court

CR 99-1347 27 S.W.3d 402

Supreme Court of Arkansas
Opinion delivered October 5, 2000

*William R. Simpson, Jr.*, Public Defender, by: *Donald L. Thompson, Jr.*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Petitioner William Otis Smith seeks a writ of prohibition against Respondent Honorable John B. Plegge and the Pulaski County Circuit Court to prevent a trial on a charge of second-degree battery.[1] Respondent trial court denied Mr. Smith's motion to dismiss the charge on speedy-trial grounds, and he now seeks a writ of prohibition in this court pursuant to Ark. R. Crim. P. 28.1(d). We must deny the writ because the abstract of the record does not show that the writ is clearly warranted.

On October 3, 1997, Mr. Smith was arrested at the Pulaski County Detention Center (the county jail) for second-degree battery after an alleged altercation with Sergeant Michael Yates of the Pulaski County Sheriff's Department. At that time, Mr. Smith was incarcerated in the county jail on an unrelated prior offense. The Arkansas Arrest/Disposition Report from the Arkansas Crime Information Center (ACIC) listed Mr. Smith's address as 3201 West Roosevelt Road in Little Rock, which is the street address for the county jail. The report also stated that his nearest relative was Stella Young, who lived at "629 Cheryl" in Jacksonville.

On November 6, 1997, the State filed its felony information against Mr. Smith and set out Mr. Smith's address as 3201 West Roosevelt. Following the issuance of a bench warrant, Mr. Smith was arrested at his probation officer's office on December 10, 1997. Later that same day, he was released on $10,000 bond, and the bond reflected his address to be "629 Cherly's Cir." in Jacksonville.[2] The bond, however, was not filed in the circuit court until after the circuit court mailed its notice on December 11, 1997, to Mr. Smith at the West Roosevelt street address, directing him to appear for

---

[1] Prohibition lies to the circuit court and not to the individual judge. *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997). Accordingly, we will treat the petition as one against the circuit court. *Pike v. Benton Circuit Court*, 340 Ark..311, 10 S.W.3d 447 (2000).

[2] The ACIC Arkansas Arrest/Disposition Report for the December 10 arrest listed Mr. Smith's address as "629 Shuril Lane" in Little Rock. It also stated that his nearest relative was his wife, Deloris Smith, who lived at "117 Redmon Road" in Jacksonville.

plea and arraignment in circuit court on December 22, 1997. The letter was subsequently returned to the circuit court, with the words "Return to Sender, Attempted, Not Known" stamped on the envelope. Mr. Smith did not appear at the hearing on December 22, 1997.

On September 23, 1998, Mr. Smith was arrested again. This time the ACIC Arkansas Arrest/Disposition Report listed his address as "629 Cheryl Ln." in Jacksonville, and Mr. Smith appeared, as notified, at the hearing on October 12, 1998. On that same day, he filed a motion to dismiss in which he contended that his right to a speedy trial under Ark. R. Crim P. 28.2 had been violated, because twelve months had passed since he was arrested on October 3, 1997, for second-degree battery. The court held a hearing on October 26, 1998, and denied the motion to dismiss after finding that two days remained in which to try the case under the speedy-trial rules. The trial court then offered to set the case for trial within two days unless Mr. Smith wanted a continuance. Mr. Smith chose the latter option, and the trial court granted him a continuance. Almost one year later, on October 18, 1999, Mr. Smith again moved to dismiss the case for a violation of our speedy-trial rules. The circuit court again denied the motion and set the case for jury trial on October 20, 1999. On that day, the trial court granted Mr. Smith's request for another continuance pending the outcome of this original action seeking a writ of prohibition against the circuit court.

It is undisputed that there are 747 days between October 3, 1997 (the date of Mr. Smith's arrest) and October 20, 1999. This exceeds the twelve-month requirement of Ark. R. Crim P. 28.1 and 28.2 by 382 days. Of those days, Mr. Smith does not dispute that 371 days from October 12, 1998, until October 20, 1999, were excludable for reasons not at issue here. This leaves eleven days over the twelve-month limit. The essence of Mr. Smith's argument in this original action is that the State has failed to prove that the eleven-day period of delay between December 11 and December 22, 1997, resulted from his absence or availability. The State argued below, and the trial court agreed, that those eleven days were excludable pursuant to Ark. R. Crim. P. 28.3(e), because Mr. Smith was unavailable and his whereabouts were unknown.

██ Both parties agree that the speedy-trial period began to run on the date of Mr. Smith's arrest on October 3, 1997. Ark. R. Crim. P. 28.1(c) and 28.2(a) (2000). Those rules require that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with an absolute bar to prosecution. *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000). Here, Mr. Smith presented a *prima facie* case of a speedy-trial violation based upon the fact that he was not brought to trial on or before October 3, 1998. When a defendant presents such a *prima facie* case to the circuit court, the burden of proof shifts to the State to explain the delay. *Id.*; *Holbert v. Arkansas County Circuit Court*, 339 Ark. 462, 5 S.W.3d 474 (1999); *Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998). The State explains the delay by arguing that eleven days of the twelve-month period were excludable pursuant to Ark. R. Crim P. 28.3(e) because Mr. Smith's whereabouts were unknown, thus making him unavailable for trial. Specifically, the State says that the court's notice of the December 22, 1997 hearing was mailed to the first address provided by Mr. Smith *before* notice of a second address was provided to the court. Accordingly, the State contends that the eleven-day period between December 11, 1997, when the court sent notice of the hearing, and December 22, 1997, when Mr. Smith failed to appear, is excludable.[3]

██ The State has a duty to make a diligent, good-faith effort to bring an accused to trial. *Holbert v. Arkansas County Circuit Court, supra*; *Caulkins v. Crabtree*, 319 Ark. 686, 894 S.W.2d 138 (1995). The burden is on the State to prove that it has exercised such due diligence. *Brown v. State*, 330 Ark. 239, 952 S.W.2d 673 (1997); *Duncan v. Wright*, 318 Ark. 153, 883 S.W.2d 834 (1994). Mr. Smith asserts that the State has not met its burden of proof in this case. In support of that assertion, he contends that the State knew the court's December 11, 1997 notice did not reach him at the jail because the letter was returned to the court. He also contends that the bond filed with the circuit court on December 12, 1997, disclosed Mr. Smith's address and phone number in Jacksonville.

██ With regard to his first argument, Mr. Smith states that the December 11, 1997 letter giving him notice of the December 22

---

[3] The State does not contend that any period after December 22, 1997, is excludable due to Mr. Smith's unavailability.

hearing date was returned to the circuit court on December 17, 1997, as evidenced by a copy of the envelope, which is contained in the record. We disagree. The handwritten date "12/17/97" does appear on the face of the envelope. However, nothing on the envelope or otherwise in the record indicates what that date signifies or even who wrote it. A party seeking a writ of prohibition must produce a record sufficient to show that the writ is clearly warranted. *McFarland v. Lindsey*, 338 Ark. 588, 2 S.W.3d 48 (1999). From the record before us, we can only say that the letter was returned to the sender. Thus, we cannot determine whether the court should have been put on notice prior to the December 22, 1997 hearing date that Mr. Smith had not received notice of the hearing.

 Mr. Smith also contends that the circuit court should have realized when the bond was filed on December 12, 1997, that the letter mailed on the previous day would not be delivered to Mr. Smith at the jail. The bond showed that Mr. Smith was released from jail on December 10, 1997, and that he had given his address as "629 Cherly's Cir" in Jacksonville. However, the bond had not been filed at the time the circuit court sent the hearing notice to Mr. Smith on December 11, 1997. On that date, the abstract reflects only two documents that listed an address for Mr. Smith.[4] The ACIC Arkansas Arrest/Disposition Report for the December 10 arrest listed Mr. Smith's address as "629 Shuril Lane" in Little Rock and his nearest relative's address as "117 Redmon Road" in Jacksonville. With regard to those addresses, Mr. Smith does not argue that the State should have sent notice to him at either of those addresses. The ACIC Arkansas Arrest/Disposition Report for the October 3 arrest listed Mr. Smith's address as 3201 West Roosevelt Road in Little Rock. The State argues that it relied in good faith on the address contained in that document. Based on the abstract of the record before us, the circuit court only had one address for Mr. Smith on December 11, 1997, which is precisely where the court sent the notice. The bond, which showed a Jacksonville address for Mr. Smith, was not filed until the day after the notice had been sent. It was only when Mr. Smith failed to appear at the hearing on December 22, 1997, that the court had reason to know that he had not received notice of the hearing. Under these circumstances, we

---

[4] The record is confined to that which is abstracted. *McFarland v. Lindsey, supra.*

cannot say the State failed to prove that it exercised due diligence in bringing Mr. Smith to trial. We therefore hold that the State met its burden of explaining the eleven-day period of delay by showing that Mr. Smith's whereabouts were unknown during that time, and he was, thus, unavailable. *Osborn v. State*, 340 Ark. 444, 11 S.W.3d 528 (2000). This eleven-day period is a far cry from the two-and-one-half-year period during which the State failed to check the available court records or otherwise demonstrate any diligence in locating the accused in *Chandler v. State*, 284 Ark. 560, 683 S.W.2d 928 (1985). We will grant a writ of prohibition only when it is clearly warranted. *Brown v. State, supra.* Here, it is not.

The writ of prohibition is denied.