Robert Todd BURMINGHAM v. STATE of Arkansas

CR 00-1424                                          57 S.W.3d 118

Supreme Court of Arkansas
Opinion delivered September 20, 2001

*John Wesley Hall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Appellant Robert Todd Burmingham appeals his convictions on four felony counts including rape, aggravated robbery, kidnapping, and residential burglary earning him a life sentence for the rape conviction, forty years for aggravated robbery, twenty years for kidnapping, and twenty years for burglary. Burmingham raises one point on appeal, arguing that his right to a speedy trial was violated. We affirm.

On September 15, 1997, Burmingham was arrested in Cross County for two kidnappings and two rapes that occurred earlier in 1997. After his arrest, Burmingham was charged by criminal information on September 19, 1997, with two of four purported incidents. The original information contained seven counts, with counts 1-3 detailing the events and charges related to one incident in Cross County and counts 4-7 detailing the events and charges related to a second incident also in Cross County. This information was styled in Cross County as Cross CR97-150. The third and fourth incidents were charged separately in Lee County (Lee CR97-81) and Cross County (Cross CR98-2), but these matters have not proceeded to trial. Counts 1-3 of Cross CR97-150 were prosecuted to conviction after a jury trial on November 16, 1998, ending in a guilty verdict on all counts and earning Burmingham eighty years in prison. Burmingham appealed that conviction to this court, and this court affirmed the conviction on September 21, 2000, in *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000) ("*Burmingham I*"). This appeal stems from Burmingham's conviction on counts 4-7 of Cross CR97-150.

Because Burmingham's main point on appeal deals with whether he received a speedy trial pursuant to the Arkansas Rules of Criminal Procedure, a timeline of the events leading up to his trial and conviction on April 17, 2000, is necessary. As noted, Burmingham was arrested on this set of charges on September 15, 1997, and the criminal information was filed against him on September 19, 1997. Thus, the speedy-trial clock began running on

September 15, 1997. *See* Ark. R. Crim. P. 28.1(c) and 28.2(a); *Smith v. Plegge*, 342 Ark. 232, 27 S.W.3d 402 (2000); *Osborn v. State*, 340 Ark. 444, 11 S.W.3d 528 (2000); *Hicks v. State*, 340 Ark. 605,12 S.W.3d 219 (2000).

On November 11, 1997, Burmingham sought and received a continuance to March 16, 1998, in the previously charged Lee County case. On January 6, 1998, the Cross County Circuit Court held a hearing at which Burmingham pleaded "not guilty," and the State was directed to elect the charges on which it was to proceed first. This hearing was not transcribed. The trial court filed the order from that hearing on January 9, 1998.

On January 14, 1998, Burmingham's attorney, Wayne Emmons, filed a motion titled "Motion for Continuance of Motion Dates and Trial Date" in which he indicated that due to the massive amounts of discovery involved in the charges in the information, he wanted the State to proceed with one incident first and then try the second incident later. According to the trial court's statements later at a speedy-trial hearing on this issue, this request stemmed from a conversation counsel and the court had at the January 6, 1998, hearing at which the court directed the State to proceed with only one of the incidents at a time. Following this motion, the prosecutor filed a letter on January 27, 1998, indicating that the State would proceed with counts 1-3 first and then proceed with counts 4-7 afterwards. The record does not contain an order detailing the prosecutor's decision.

On March 10, 1998, Burmingham filed a "motion to adopt all motions filed in each case" to avoid clerical error and because there were four cases charged during this time and motions were being filed in every case. On March 16, 1998, the trial court granted this motion, and the docket sheets indicate that the court also noted approval of this request on April 28, 1998. On April 27, 1998, Burmingham moved for a continuance of the May 11, 1998, trial date scheduled for counts 1-3, and this was approved that same day. On March 25, 1998, the Lee County Circuit Court granted a continuance in that case.

On May 5, 1998, Burmingham filed a petition for a mental examination, and the trial court ordered the mental examination on May 6, 1998. The mental examination report was filed on July 13, 1998. Over a month later on August 24, 1998, Emmons asked to be relieved as counsel due to health problems, and the court granted that motion on that same day. Attorney Randall Miller was appointed as counsel on August 26, 1998, and he entered his

appearance and filed a motion for continuance on August 28, 1998. The motion for continuance was granted on September 10, 1998. Ultimately, trial was held on counts 1-3 from November 16-20, 1998, and Burmingham was convicted on those counts.

Burmingham's next significant motion was filed on May 5, 1999, in the Lee County case wherein he asked for a continuance of the trial date in that case. The docket sheet indicates that the motion was granted, and the case was continued to August 30, 1999, with a pretrial hearing set for July 30, 1999. On the remaining counts 4-7 in Cross County, Burmingham filed a motion for continuance of that case on July 14, 1999, and it was granted by the court that same day. The first trial was held on counts 4-7 beginning September 14-16, 1999, when a mistrial was declared on September 16, 1999. Prior to trial, Burmingham's counsel filed a motion for dismissal due to a speedy-trial violation, and the court heard and denied this motion on September 14, 1999.

Finally, the second trial was held in this case on counts 4-7 beginning April 17, 2000. Again, prior to trial, defense counsel moved to dismiss the case due to a speedy-trial violation, and the court heard arguments from counsel prior to the jury's deliberations during the punishment phase of trial. The record reveals that the trial court ruled that he was very familiar with the proceedings in the matter, having presided over the cases from the beginning, and the court recalled that Emmons requested that the charges be separated by the State because of his inability to prepare for the entire case at once. The court further attributed the time to the defendant because the severance was for his benefit and at his request, and the court further found that because Emmons filed the "motion to adopt all motions from other cases," all continuances requested in those cases also were applied in this case. The judgment and commitment order was entered on May 5, 2000. Burmingham filed his notice of appeal from this conviction on May 23, 2000.

On appeal, Burmingham argues that the trial court erred in not dismissing counts 4-7 because he was denied a speedy trial on these severed counts. Burmingham notes that the trial on these counts was held two years after he was charged, so the burden shifts to the State to justify the delay. Burmingham argues that the severance of the multiple unrelated counts from those involved in *Burmingham I* does not act to toll the running of the speedy-trial time limits under Rule 28.3(a)'s "trials of other charges against the defendant." Burmingham contends that nothing in the record shows that he specifically asked for counts 4-7 to be included in the original motion for continuance filed on January 14, 1998.

Burmingham argues that the case of *Weaver v. State*, 313 Ark. 55, 852 S.W.2d 130 (1993), stands for the proposition that when a defendant is charged with multiple counts and a motion for severance is granted, the State must try him within one year on all of the counts. Burmingham further notes that the State's reliance on *Cash v. State*, 40 Ark. App. 40, 842 S.W.2d 440 (1992), and *Lewis v. State*, 307 Ark. 260, 819 S.W.2d 689 (1991), is unavailing as they predate *Weaver* and can be confined to their facts. Burmingham argues that at least 541 days passed before he was tried on the matter. Furthermore, Burmingham argues that even including the continuances in *Burmingham I*, he was tried outside of the one-year time period required to meet the speedy-trial requirements.

The State responds by making alternative arguments. First, the State argues that Burmingham failed to make even a *prima facie* showing of a violation because under Rule 28.2(c), he was brought to trial within twelve months of the mistrial on counts 4-7, thus keeping him within the time for speedy trial. *See Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999). Alternatively, the State argues that should the court not consider September 17, 1999, as the date from which to begin counting, Burmingham was still brought to trial within the twelve-month period of includable days. The State notes that Burmingham was arrested on September 15, 1997, and tried for the first time on September 14, 1999, creating a surplus of 364 days over the twelve-month time limit for which the State must account. By the State's calculations, either 380 days or 378 days can be excluded from the time, thus bringing the trial in just under the required amount. The State argues that the *Weaver* case is distinguishable from *Lewis* and *Cash*, and that *Lewis* and *Cash* are factually similar to this case on the issue of severance and speedy trial. In addition, the State argues that because Burmingham filed a motion, which was granted, to "adopt" all motions in each case, every motion for continuance filed in each case serves to continue the other cases, resulting in more than sufficient excludable time.

The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with an absolute bar to prosecution. *See* Ark. R. Crim. P. 28.1(c) and 28.2(a); *Smith, supra, Osborn, supra; Hicks, supra.* When a defendant is not brought to trial within a twelve-month period, the State has the burden of showing the delay was legally justified. *Webb v. Ford*, 340 Ark. 281, 9 S.W.3d 504 (2000). Once the defendant has made a *prima facie* showing of a violation of Rule 28.1, the State bears the burden of showing that there has been no violation, in that some of the time comprising the one-year period provided in

the rule is to be excluded as "legally justified." *Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997). It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. *Id.* The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Id.* Under Rule 28.2 of the Arkansas Rules of Criminal Procedure, the speedy-trial period commences to run "without demand by the defendant." *Id. See also, Gwin v. State*, 340 Ark. 302, 9 S.W.3d 501 (2000). Ark. R. Crim. P. 28.3(a) excludes from the speedy-trial calculation the delay resulting from an examination and hearing on a defendant's competency. *See also, Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998). The period of time from the date an exam is ordered to the report's file date is properly excludable for speedy-trial purposes. *Id. See also, Brawley v. State*, 306 Ark. 609, 612-13, 816 S.W.2d 598 (1991). Rule 28.3 of the Arkansas Rules of Criminal Procedure provides in relevant part that:

> the following periods shall be excluded in computing the time for trial. Such periods shall be set forth by the court in a written order or docket entry, but it shall not be necessary for the court to make the determination until the defendant has moved to enforce his right to a speedy trial pursuant to Rule 28 unless it is specifically provided to the contrary below. The number of days of the excluded period or periods shall be added to the time applicable to the defendant as set forth in Rules 28.1 and 28.2 to determine the limitations and consequences applicable to the defendant.

> \* \* \*

> (c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

██ The court observes that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to count as excluded time attributable to the defendant. *Id.* (citing *McConaughy v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990)). However, the trial court's failure to comply with Rule 28.3 does not result in automatic reversal. For instance, in *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996), the trial court did make some docket entries

attributing a given time period to the appellant for speedy-trial purposes. However, the trial court correctly charged other delays to the defendant without a written order or notation, given that "the record clearly demonstrates that these [delays] were attributable to [the appellant] or were legally justified." *Id.*, 326 Ark. at 111. In short, where the delay is caused by the defendant, this court has demonstrated a willingness to exclude the time when there is at least some contemporaneous record of the proceedings reflecting the delaying act.

Furthermore, Rule 28.2(c) provides that when a defendant is to be retried following a mistrial, "the time for trial shall commence running from the date of the mistrial . . ." which has been interpreted by this court to mean that the twelve-month period for speedy trial shall commence running from the date of mistrial. *See Dean, supra; Odom v. State*, 311 Ark. 576, 845 S.W.2d 524 (1993). Pursuant to these cases, the twelve-month "counter" starts running anew after a mistrial has been declared. As such, the time after the mistrial, which totals less than twelve months, does not count in the speedy-trial calculation and has no bearing on this appeal.

However, by the State's own calculation, Burmingham's first trial on counts 4-7 occurred 364 days after the twelve-month period for speedy trial passed. As such, in order to prevail, the State must show that more than 364 days of delay were attributable to Burmingham between September 15, 1997, when he was arrested, and September 14, 1999, when the first trial started.

We agree with the State that Burmingham's trial was held well within the time for speedy trial based on the motions for continuance filed by Birmingham in this and his other cases and counted against him pursuant to his "motion to adopt all motions" granted on March 16, 1998. Because this motion was granted, every motion for continuance granted in every other case can and must be counted against Burmingham. Furthermore, because we reach this determination based on the motions to continue, we do not address the parties' arguments regarding the effect of the severance of the charges in the Cross CR97-150 felony information.

As the State argues, the premise in *Hicks, supra*, should apply to these facts as well. In *Hicks*, a defendant's speedy-trial motion was denied when this court found that his "adoption" of his co-defendant's motions, including motions for continuances, acted to toll the running of the speedy-trial time limitations. Pursuant to this rule, all continuances granted at the request of the defendant, regardless of the case in which they are granted, apply to each case.

The reasoning for this is clear — after filing such a motion, a defendant cannot pick and choose which motions he would like to apply when he has specifically moved for them all to apply.

By applying the above dates, it is clear that more than 364 days can be excluded from the speedy-trial calculation. First, on November 10, 1997, Burmingham's motion for continuance until March 16, 1998, was granted that day in the Lee County case. This delay accounts for 126 days. On April 28, 1998, the trial court granted Burmingham's motion for continuance on counts 1-3 in the Cross County case pursuant to Burmingham's motion filed April 27, 1998. This continuance lasted at least until August 28, 1998, when Burmingham's new attorney filed a new motion for continuance in *Burmingham I*. This time accounts for 122 days. On September 10, 1998, Burmingham's motion for continuance in *Burmingham I* was granted until trial on November 16, 1998. This accounts for 66 days. On February 16, 1999, Burmingham's motion for continuance in the Lee County case was granted through the trial date set for May 1999, when Burmingham's new attorney again filed a motion for continuance in that case, which was granted on May 4, 1999. This period accounts for 76 days. Finally, Burmingham's motion for continuance in this case was granted on July 14, 1999, through the start of the first trial beginning September 14, 1999. This totals 51 days.

Overall, these delays in each case account for 441 days of excludable time, well over the necessary 364 days for which the State needed to account. Thus, there was no speedy-trial violation in this case, and Burmingham's conviction is affirmed.

*Rule 4-3(h)*

The transcript of the record in this case has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(h) which requires, in cases in which there is a sentence to life imprisonment or death, that we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a) (Repl. 1997). None have been found.

Affirmed.