
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-693

| | |
|---|---|
| | Opinion Delivered: FEBRUARY 3, 2016 |
| LARRY W. DAVIS | |
| APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CR-14-146] |
| V. | |
| | HONORABLE GORDON WEBB, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Larry W. Davis appeals his May 2015 conditional guilty pleas to the crimes of fraudulent use of a credit card, theft of property, and being a habitual offender, for which he was sentenced to two years in prison. His right to appeal is preserved by Arkansas Rule of Criminal Procedure 28.1(g)(2) and 24.3(b), which permit an appeal following the denial of an appellant's motion to dismiss on the basis of an alleged speedy-trial violation. Appellant's single argument on appeal is that his charges should have been dismissed because he was denied a speedy trial as required by Arkansas Rule of Criminal Procedure 28.1(c) (2015), when he was not tried within one year of his arrest. We disagree and affirm.

Arkansas Rule of Criminal Procedure 28.1(c) provides:

> Any defendant charged with an offense and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time

provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Arkansas Rule of Criminal Procedure 28.2(a) mandates that the time for trial commences running "from the date of arrest or service of summons." The burden is on the courts and the prosecutors to see that trials are held in a timely fashion. *Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997). A defendant does not have to bring himself to trial. *Id.*

The issue in this appeal concerns only when the "date of arrest or service of summons" set the time in motion. The conditional guilty plea was entered in May 2015. Appellant contends as he did to the trial court that the ticking of the speedy-trial clock started when he was arrested in Missouri in January 2014, after which the State cannot establish excludable time. The State contends that appellant was served pursuant to Rule 28.2(a) in July 2014 when the Arkansas bench warrant was served. If appellant is correct, then his rights to a speedy trial were violated, entitling him to a reversal and dismissal of the charges. If the State is correct, the conditional plea hearing and judgment were entered well within the one-year speedy trial limitations period.

For this reason, the chronology of events is important:

| MARCH 2013: | Appellant allegedly committed the criminal offenses relating to fraudulent use of a credit card in Boone County, Arkansas. |
| JUNE 2013: | An Arkansas bench warrant was issued to appellant out of Boone County, Arkansas, relating to the fraudulent use of a credit card. |
| JANUARY 2014: | Appellant was arrested in Missouri on criminal offenses that occurred in Missouri relating to controlled substances. |

SLIP OPINION

| | |
|---|---|
| JANUARY 2014: | The Missouri prosecutor noted in a separate Missouri complaint that appellant stands charged in Boone County, Arkansas, with charges relating to fraudulent use of a credit card, that there existed an outstanding warrant for the arrest of appellant, and that appellant had "not yet been arrested on that warrant." The Missouri prosecutor charged appellant with being a fugitive from justice, effecting an arrest on that charge. |
| JANUARY 2014: | Appellant bonded out of the Missouri jail on the fugitive-from-justice charge. |
| FEBRUARY 2014: | A hearing was conducted on the Missouri fugitive-from-justice charge. |
| APRIL 2014: | Missouri nolle prossed the fugitive-from-justice charge. |
| JULY 2014: | Appellant was served with the Arkansas bench warrant relating to the fraudulent use of a credit card by the Boone County Sheriff. |
| MAY 2015: | Appellant filed a motion to dismiss the bench warrant in Boone County, Arkansas, for violation of his right to speedy trial. |

The issue becomes whether appellant was "arrested" or "served with summons" for the Arkansas offenses when he was detained in Missouri on the fugitive-from-justice charge in January of 2014. If the detainment in Missouri does constitute an "arrest" or "service of summons" for the Arkansas offense of fraudulent use of a credit card, then appellant would be correct; his right to a speedy trial in Arkansas would have been violated in that more than twelve months had passed.

Appellant's argument is not well taken. The Missouri fugitive-from-justice charge is separate and distinct from the Arkansas charges and was ultimately dismissed. Under a plain reading of the rules of criminal procedure, appellant was served with the Arkansas bench warrant in July 2014, and the speedy-trial time period began to run and would expire a year later in July 2015. *See Robinson v. State*, 2013 Ark. 60. Appellant entered his conditional plea in May 2015, well within the time permitted for a speedy trial. Because we hold that appellant's rights to a speedy trial were not violated based on the correct arrest

date, we need not assess whether there were properly excludable periods of time between the alleged January 2014 arrest date and the conditional plea in May 2015.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.