C. W. CURAN v. STATE of Arkansas

CR 76-101                                    541 S.W. 2d 923

Opinion delivered October 4, 1976
[Rehearing denied November 8, 1976.]

462

*Smith, Stroud, McClerkin, Conroy & Dunn,* by: *Winfred L. Dunn Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant C. W. Curan was charged in Miller County on January 17, 1974, with the crime of robbery in violation of Ark. Stat. Ann. § 41-3601 (Repl. 1964). He subsequently was tried and convicted of a crime in the State of Texas. On March 1, 1974, an extradition warrant was issued for appellant by the Governor of Texas, and Arkansas requested a hold on July 5, 1974.

On September 5, 1975, while incarcerated in Texas,

appellant filed a pro se motion to dismiss the robbery charge pending against him in Arkansas on the ground that he had been denied a speedy trial. On November 3, 1975, he filed a pro se petition for writ of mandamus in this Court to compel the Miller Circuit Court to act on his motion to dismiss. In an unpublished per curiam order dated March 22, 1976, appellant's petition was denied.

Arkansas authorities requested temporary custody of appellant on December 4, 1975, which request was granted and appellant was returned to Arkansas. On April 9, 1976, another motion to dismiss the charges against appellant was filed, alleging that he had been denied the right to a speedy trial. After a hearing on April 19, 1976, the trial court found that appellant had not been denied his constitutional right to a speedy trial and thus was not entitled to have the charges against him dismissed. From the trial court's ruling comes this appeal.

Appellant relies upon two points for reversal, the first being that the trial court should have sustained his motion to dismiss based upon the denial of the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.

The United States Supreme Court has held that the right to a speedy trial is so basic and fundamental that it applies in state criminal cases. *Klopfer* v. *North Carolina,* 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). The Court also has held that one who is imprisoned in another jurisdiction has a right to a speedy trial, and on demand a state has a duty to make a diligent and good faith effort to secure the presence of the accused from the custodial jurisdiction of another state and afford him a trial. *Dickey* v. *Florida,* 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26 (1970).

In *Smith* v. *Hooey,* 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969), the United States Supreme Court held that the Sixth Amendment guarantee of a right to a speedy trial is essential to protect at least three basic demands of criminal justice:

[1] to prevent undue and oppressive incarceration prior

to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself. (Citation omitted.)

The Court has recognized, however, that the right to a speedy trial is necessarily relative, and that it is consistent with delays and depends upon circumstances. *Beavers* v. *Haubert*, 198 U.S. 77, 25 S. Ct. 573, 49 L. Ed. 950 (1905); *Pollard* v. *United States*, 352 U.S. 354, 77 S. Ct. 481, 1 L. Ed. 2d (1957).

In *Barker* v. *Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), the Court set out four factors to be assessed in determining whether an accused has been deprived of his right to a speedy trial. The four factors identified by the Court are "length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant."

In the instant case the length of delay is regrettable, but it must be viewed in the light of the reason for the delay. There is no showing of a lack of good faith on the part of the Arkansas officials. Before appellant could be tried in Arkansas, he was incarcerated in another jurisdiction. Almost as soon as Arkansas officials discovered appellant's whereabouts they placed a hold on him, but before appellant could be returned he began his efforts to have the charges against him dismissed. In spite of appellant's efforts to have the charges dismissed there are no indications that he made any effort to demand a trial. In *Barker, supra,* the Court said:

. . . [F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.

Although the delay in terms of passage of time is obvious, it was caused for the most part by the efforts of appellant to have the charges against him dismissed. Furthermore, appellant has furnished no special evidence of prejudice to him attributable to the delay. In light of all the circumstances we find the trial court properly refused to dismiss the charges against appellant.

Appellant also contends that since he was denied a speedy trial he should have been discharged from custody

pursuant to Ark. Stat. Ann. § 43-1708 (Repl. 1964). This section provides:

> If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

In *State* v. *Davidson,* 254 Ark. 172, 492 S.W. 2d 246 (1973), a defendant incarcerated in Colorado filed a motion for dismissal of the charges against him on the ground that the State of Arkansas had not given him a speedy trial pursuant to § 43-1708. The motion was granted by the trial court, and the State appealed. This Court reversed the trial court's ruling, holding that:

> * * * When an accused is incarcerated in a federal institution or another state, he is not incarcerated or held on bond awaiting a determination of whether he is guilty or innocent, but is incarcerated for the commission of another crime for which he has been found guilty. *In such situation there is no good reason why the accused should not be required to place himself on record in the attitude of demanding a trial before he would be entitled to discharge under § 43-1708 or § 43-1709.* (Italics supplied.)

In *Davidson* the Court further held that a motion to dismiss the charges for failure to grant a speedy trial does not constitute a demand for trial for purposes of § 43-1708.

The Interstate Agreement on Detainers, Ark. Stat. Ann. § 43-3201 (Supp. 1975), to which Texas is also a party, outlines the procedure for demand of a speedy trial by an accused incarcerated in one state with charges pending against him in a sister state. There are no indications in the record that appellant ever gave the prosecuting attorney or Miller County officials written notice of his place of imprisonment, demanded final disposition of the charges against him or otherwise provided information required by the Interstate Agreement on Detainers.

Finding no merit in appellant's contentions, the trial court's refusal to grant the motion to dismiss is affirmed.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.