## William R. GROOMS *v.* STATE of Arkansas

CR 76-185                                       545 S.W. 2d 610

### Opinion delivered January 17, 1977
### (Division II)

*Robert R. White* and *W. R. Riddell,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. William R. Grooms was charged with burglary and grand larceny in Johnson County on December 23, 1974. The bench warrant was issued that date and served on Grooms in Tulsa, Oklahoma on April 23, 1975. He was released on bail May the first. In July, 1975 he was released to the State of Florida to serve the remainder of a prison sentence. On January the 14th, 1976, shortly before he was to be released from the Florida prison, a detainer was placed on him by the State of Arkansas. He immediately filed a pro se motion to dismiss stating there was no preliminary hearing and that he was denied a speedy trial. On March 11, 1976, his counsel filed a motion to dismiss for denial of a speedy trial. Grooms did not at any time file a request for speedy trial. The court overruled these motions, proceeded to trial and Grooms was found guilty of burglary and grand larceny.

The court's order overruling the motions is the subject of this appeal.

The first allegation of error is that Grooms was denied a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. The law regarding a speedy trial is set forth in *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). The four factors in the *Wingo* case to be considered in determining whether or not an individual receives a speedy trial are "length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant."

In the recent case of *Curan* v. *State,* 260 Ark. 461, 541

S.W. 2d 923 (1976), this court examined in depth the right of a defendant to a speedy trial and the principles set forth in the *Curan* case will be applied to this case. There is no evidence that Grooms ever requested a speedy trial or filed a motion of any kind until after a detainer was placed on him in January of 1976.

Furthermore, the Interstate Agreement on Detainers, Ark. Stat. Ann. § 43-3201 (Supp. 1975), to which Florida is a party, requires that a defendant take certain steps to obtain his release or trial. There is no evidence in the record that Grooms prior to January, 1976 ever took any steps to obtain a trial or have the charges dismissed. There is no evidence that he was prejudiced by the delay in any way.

The other error cited is that Arkansas law requires an accused to be tried within three terms of court. According to Rules of Crim. Proc., Rule 28 (1976), a defendant shall be brought to trial before the end of three full terms of court from the time he is charged, excluding certain periods of delay, as set forth in Rule 28. Rule 28.3 (e) provides that "the period of delay resulting from the absence or unavailability of the defendant" shall be excluded in computing time. In this case, if Grooms was absent or unavailable before his arrest in April, his trial would have been within three terms of court. If the time begins to run from the date charges were filed in December, 1974, he would not have been tried within three full terms of court and, therefore, the charges should have been dismissed.

The sheriff testified that he did not know the whereabouts of Grooms and requested a fugitive warrant from the FBI. The warrant was served in Tulsa, Oklahoma. The appellant in his testimony did not really controvert the fact that his whereabouts or availability was unknown to the authorities. Therefore, it is clear that the time in this case runs from the time Grooms was arrested in April.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.