## James C. WRIGHT *v.* STATE of Arkansas

CR 80-90                                          603 S.W. 2d 408

Supreme Court of Arkansas
Opinion delivered September 2, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jack Kearney*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of first degree escape in violation of Ark. Stat. Ann. § 41-2810 (Repl. 1977) and, as a habitual criminal, received a sentence of fifteen years' imprisonment. Nine months previously, he was convicted of aggravated robbery. We affirmed. *Wright* v. *State*, 267 Ark. 264, 590 S.W. 2d 15 (1979).

Appellant first asserts that the trial court erred in denying his motion for commitment to the state hospital for a mental examination based on his insanity plea. He cites Ark.

Stat. Ann. § 41-605 (Repl. 1977) as being mandatory that he be examined there. He overlooks, however, that portion of the statute which provides an alternative; i.e., the court is empowered to direct that the defendant be examined by a psychiatrist at a local regional mental health center or the court may appoint at least one qualified psychiatrist to make an examination and report on the defendant's mental condition. Appellant, at his request shortly after the alleged offense, was examined by a psychiatrist from a local mental health center pursuant to the court's order. Thus, it clearly appears there was compliance with the statutory requirement as to a mental examination. Further, the record shows that 4 days prior to the trial, the court authorized, as requested by appellant, that he be seen again by the same psychiatrist. Although the court specifically stated that if appellant encountered any problems, he was to advise the court, it appears that appellant did not avail himself of the additional authorized examination.

Even so, appellant argues that no report was submitted as a result of his examination and, therefore, there was non-compliance with the statute. According to the examining psychiatrist, the report had been misplaced. The issue of a non-existent report appears to be raised for the first time on appeal and, therefore, we do not consider it. *Houston* v. *State*, 266 Ark. 257, 582 S.W. 2d 958 (1979); see also *Bell* v. *State*, 269 Ark. 85, 598 S.W. 2d 738 (1980).

Neither can we agree with appellant's argument that he was denied his constitutional right to a speedy trial. Appellant asserts that since he was not tried within 9 months, citing Rule 28.1(a) of the Arkansas Rules of Criminal Procedure, he is entitled to an absolute discharge. We have recently held that the accused who is committed to prison on another offense, as here, has the "right to be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding such periods of necessary delay as are authorized in Rule 28.3. See Rule 28.1 (b)." *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980); *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978). The terms of the Boone County Circuit Court begin on the third

Monday in March and the third Monday in September. Ark. Stat. Ann. § 22-310 (Repl. 1962). The term in which a defendant is charged is not counted in computing the terms. The expiration of full terms is required. *Matthews* v. *State, supra*; and *Wade* v. *State, supra*. The first full term after appellant's arrest on November 10 was the term commencing in March, 1979, and the second was that commencing in September, 1979. Therefore appellant's trial, being in October, 1979, was well within the statutory limit.

Even so, we still consider whether appellant's trial meets the constitutional requirements for a speedy trial as enunciated in *Barker* v. *Wingo*, 407 U.S. 514 (1972). In *Curan* v. *State*, 260 Ark. 461, 541 S.W. 2d 923 (1976), we recognized the *Wingo* factors to be considered: the length of delay, the reason for delay, the defendant's assertion of his right and any prejudice to the defendant from the delay. Approximately 11 months had elapsed from the date of appellant's arrest on the escape charge and 9 months from the date of appellant's trial and conviction on the robbery charge. We do not consider the delay as being unreasonable considering the numerous pretrial motions made by the defendant, the fact he was tried in the interim on the robbery charge, and appellant's nonassertion of his right to a speedy trial until apprximately a week before his trial. A delay in bringing appellant to trial is not per se prejudicial to him. *Barker* v. *Wingo, supra*. No prejudice has been shown, and we hold the appellant was not denied his constitutional right to a speedy trial.

Appellant next contends that the trial court failed to conduct a hearing on his competency, as required by Ark. Stat. Ann. § 41-605 and 41-606 (Repl. 1977). The court did hold a hearing 3 days before trial to determine appellant's competency to stand trial and assist his counsel. The court inquired as to what evidence appellant wanted to present at the hearing as to his competency. Defense counsel's first statement to the court, after reminding the court of the outstanding motion, was that appellant "does have a psychiatric history and I would like to put some evidence on — Mr. Wright's [appellant's] testimony — as to that and ask for a ruling by the Court." Appellant testified. It appears

appellant made no request for the local psychiatrist, who had previously examined him, to testify at the competency hearing; nor was there any objection to the absence of that psychiatrist's report based on his previous examination. After the hearing, the court ruled the appellant was competent to stand trial, observing that the court had had two hearings which, to some extent, developed the evidence regarding appellant's competency. The court also said that it had observed the defendant and referred to the transcript bearing on appellant's competency at his robbery trial, at which the court had presided, 9 months previously. It appears there was no objection. In the circumstances, appellant has not demonstrated any prejudicial error in the conduct of the competency hearing here.

Neither do we agree that the court erred in refusing appellant's motion to compel attendance of numerous witnesses to support his defense of insanity and in denying appellant's motion for a deposition and other written materials. This argument was presented and rejected in *Wright* v. *State, supra*, on many of the items asserted here. Again, we find no abuse of discretion by the court's ruling.

We have considered appellant's motion to file a *pro se* brief to supplement the brief and reply brief filed by his attorney. This motion is denied inasmuch as it was not timely filed. Further, we find no merit in his contentions.

Affirmed.