Devin Lavalle JONES *v.* STATE of Arkansas

CR 01-965 65 S.W.3d 402

Supreme Court of Arkansas
Opinion delivered January 24, 2002

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Appellant Devin Lavalle Jones appeals his conviction for second-degree murder from Pulaski County Circuit Court. Jones asserts he was denied his right to a speedy trial under the Arkansas and United States Constitutions in that the State failed to show good cause when it nol-prossed his case. This court holds that the loss of the State's only witness and consequent lack of evidence constitutes good cause to nol-pros the case.

Jones also asserts he has been subjected to an *ex post facto* law in that two of the felonies considered under the sentencing enhancement statute were committed after the murder. We hold there is no *ex post facto* issue. There was no change in the law that made Jones criminally liable for an act that was lawful when committed. Nor was there any change in the law that made the crime he was charged with greater than it was when committed. Felonies meeting the statutory requirements have long been used to enhance punishment even though the felonies used for enhancement were committed after the crime for which punishment is being determined.

## Facts

On December 27, 1996, Timothy Bey was shot and killed. On December 30, 1996, Jones was arrested. Jones was charged with the murder by felony information on March 26, 1997. The case was

continued from March 27, 1997, to June 11, 1997, on Jones's motion. Then, on June 11, 1997, the trial court granted the State's motion to nol-pros the case due to a lack of evidence to move forward because the State's only witness had changed his story. It was not until the Spring of 2000 that a new witness came to the attention of the police as a byproduct of a federal investigation of other crimes. Charges were refiled on May 18, 2000. On January 5, 2001, the case was continued at the defense's request to allow him to pursue a writ of prohibition on the issue of speedy trial. The petition was denied by this court on January 25, 2001. Then, again at the defense's motion, the case was continued from January 25, 2001, to June 12, 2001. Trial commenced June 12, 2001. Jones was tried over four years after his arrest. He now alleges violation of his right to a speedy trial.

Jones sought and obtained three continuances for a total of 234 days. The State also caused passage of time by nol-prossing the case. The State, however, alleges that the time that passed from the date the case was nol-prossed until it was refiled also tolled the running of the time on speedy trial. This period was two years and 342 days. If the total time of continuances and the period resulting from the nolle prosequi are added together, and then subtracted from the total, Jones was tried 317 days after his arrest. Trial commenced June 12, 2001, and Jones was convicted of second-degree murder.

### Speedy Trial

We note at the outset that the State argues we need not address the speedy trial argument because Jones failed to preserve the issue. There is no merit to this claim. In response to the motion by the State to nol-pros the case, Jones moved that the dismissal on the motion to nol-pros the case be granted with prejudice. A dismissal or, in other words, a nolle prosequi, is not a bar to a future prosecution for the same offense. *Halton v. State*, 224 Ark. 28, 271 S.W.2d 616 (1954). Jones thus argued the dismissal on the nol-pros motion was without good cause and should be dismissed with prejudice. The issue is properly before this court.

Jones argues his case was not brought to trial within one year of his arrest and that thereby his right to a speedy trial was violated. This is a murder case where there is no statute of limitations. The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with

an absolute bar to prosecution. *Burmingham v. State*, 346 Ark. 78, 57 S.W.3d 118 (2001); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); Ark. R. Crim. P. 28.1. Further, the burden is on the State to bring the case to trial within the required time. *State v. Washington*, 273 Ark. 82, 617 S.W.2d 3 (1981). The defendant is under no obligation to demand a trial in order to preserve his right to a speedy trial. *Burmingham, supra; Jones v. State*, 329 Ark. 603, 951 S.W.2d 308 (1997).

▮▮ In this case, Jones was tried more than four years after his initial arrest. Because more than one year passed from the date of arrest, the State bears the burden of showing that sufficient time may be excluded as "legally justified" such that the time that may be counted against speedy trial between arrest and trial does not exceed twelve months. *Webb v. Ford*, 340 Ark. 281, 9 S.W.3d 504 (2000); *State v. Lewis*, 268 Ark. 359, 596 S.W.2d 697 (1980). The State has long been required to show good cause where a criminal defendant has not been brought to trial within the required time. *Randall v. State*, 249 Ark. 258, 260, 458 S.W.2d 743 (1970); *Ware v. State*, 159 Ark. 540, 555, 252 SW. 934 (1923).

▮ The minimum requirements of the federal constitution on this issue were set out in *Barker v. Wingo*, 407 U.S. 514 (1972). Under *Wingo*, there are four factors to be considered in determining whether an individual received a speedy trial. They are "length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant." *Grooms v. State*, 260 Ark. 879, 880, 545 S.W.2d 610 (1977). But before *Wingo* applies, since the length of delay is only a triggering mechanism, it must be such as to be presumptively prejudicial. *Matthews v. State*, 268 Ark. 484, 598 S.W.2d 58 (1980). Over four years would meet that requirement.

▮ Arkansas Rule of Criminal Procedure 28 governs limitations on prosecutions, excluded periods, and consequences. Rule 28.1 sets the time within which a trial must be brought at one year from arrest. The rules also provide for exclusion of time from arrest, such as continuances at the defendant's request. Excludable periods are set out under Rule 28.3. Rule 28.3 also states a requirement that any period to be excluded from the one-year period "shall" be set forth in a written order or docket entry. *Burmingham, supra;* Ark. R. Crim. P. 28.3. This requirement of a written order or docket entry is satisfied when there is such an order or docket entry as well as when the record itself demonstrates the delays were attributable to the accused and where the reasons were memorialized in the

proceedings at the time of the occurrence. *Jones v. State*, 323 Ark. 655, 916 S.W.2d 736 (1996); *Lynch v. State*, 315 Ark. 47, 863 S.W.2d 834 (1993); *Hudson v. State*, 303 Ark. 637, 799 S.W.2d 529 (1990).

The record shows that Jones sought and obtained three continuances. The time under these continuances is thus excluded under Rule 28.3(c). Jones asserts, however, that the period from June 11, 1997, until May 18, 2000, resulting from the nolle prosequi is not excludable because there was no good cause therefor. The State argues this period is excluded under Rule 28.3(f), which provides:

> The time between a dismissal or nolle prosequi upon motion of the prosecuting attorney for good cause shown, and the time the charge is later filed for the same offense or an offense required to be joined with that offense.

The Bill of Exceptions dated June 11, 1997, shows the State moved to nol-pros the case, stating that the only evidence they had was a witness who had changed his story and would no longer testify Jones had shot Bey. Jones moved for a dismissal with prejudice. The court, however, noted the State had made a record on the nol-pros and that speedy trial was tolled. Jones's motion to dismiss with prejudice was denied.

Jones now asserts that a lack of evidence does not constitute good cause. In *Caulkins v. Crabtree*, 319 Ark. 686, 894 S.W.2d 138 (1995), this court held that good cause on behalf of the State is not established merely by a defendant's inability to show a lack of good cause. The burden to show good cause is on the State. Also, more is required than mere proof that nolle prosequi is not being used as a device to avoid a speedy-trial dismissal. *Caulkins, supra*.

In the case at bar, the State argues a lack of evidence is good cause. In *Carter v. State*, 280 Ark. 34, 655 S.W.2d 379 (1983), a situation arose that is helpful in analyzing the present case. In *Carter*, a wife was being prosecuted for the murder of her husband. Just before the wife was to be tried, it was learned that the daughter would testify that she and not her mother had killed her father. Based upon this development, the State moved to nolle prosequi the case against the mother. This motion was granted. However, a subsequent proceeding in juvenile court found there was insufficient evidence to adjudicate the daughter a juvenile delinquent. The State then refiled the murder charge against the mother. The mother moved for dismissal based upon failure to comply with

Rule 28. This court found that the State had good cause because of the daughter's intent to confess and because the State in seeking the nolle prosequi was not simply attempting to evade the speedy-trial requirement. Thus, this analysis satisfies the requirements later noted in *Caulkins, supra,* in that there is good cause for the nolle prosequi, and there is more than mere proof that nolle prosequi was not being used as a device to avoid a speedy-trial dismissal. In *Carter,* as in the case at bar, the State moved to nol-pros the case due to a lack of evidence, and the nolle prosequi was not being used as a device to avoid a speedy-trial dismissal. In *Wingo, supra,* the U.S. Supreme Court noted that a missing witness is a valid reason for an appropriate delay. *Washington, supra,* is inapposite. Here, the State's only witness initially cooperated with the State and then recanted his earlier statement.

■■■ The right to a speedy trial is protected by both Art. 2, § 10, of the Arkansas Constitution and the Sixth Amendment to the United States Constitution. This case was nol-prossed. Arkansas Code Annotated § 16-89-122 (1987) provides that the prosecuting attorney, with the permission of the court, may dismiss the indictment, and the dismissal will not be a bar to future prosecution for the same offense. A dismissal or, in other words, a nolle prosequi, is not a bar to a future prosecution for the same offense. *Halton, supra.* The effect is to set aside or annul the indictment. *Moore v. State,* 170 Ark. 697, 280 S.W. 657 (1926); *Ley v. State,* 42 Ark. 105 (1883). Similar reasoning appears to prevail under federal analysis. In *United States v. Loud,* 474 U.S. 302, 310 (1985), the U.S. Supreme Court stated, "The court has found that when no indictment is outstanding, only the 'actual restraints imposed by arrest and holding to answer a criminal charge . . .' engage the particular protections of the speedy trial provisions of the Sixth Amendment." The Court was citing *United States v. MacDonald,* 456 U.S. 1 (1981), wherein the U.S. Supreme Court further stated, "Although a delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment (citation omitted), or to a claim under any applicable statute of limitations, no Sixth Amendment right to a speedy trial arises until charges are pending." *MacDonald,* 456 U.S. at 6. The court in *MacDonald* went on to state, "Similarly, the Speedy Trial Clause has no application after the Government acting in good faith, formally drops charges. Any undue delay before charges are filed must be scrutinized under the Due Process Clause, not the Speedy Trial Clause," and that "Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation." *MacDonald* 456 U.S. at 7, 9.

The U.S. Supreme Court also noted that the purpose of the right to a speedy trial is not intended to prevent prejudice to the defendant by the passage of time. That protection is provided by due process and statutes of limitation. Rather, the purpose is to minimize the possibility of a lengthy incarceration prior to trial and to shorten the disruption of life caused by arrest and unresolved criminal charges. *MacDonald, supra.*

 However, even so, the period of delay must be for good cause shown. *Washington, supra;* Ark R. Crim P. 28.3(f). We must determine then if this lack of investigation gives rise to an unreasonable delay. This court has said that the constitutional right to a speedy trial is violated only by vexatious, capricious, and oppressive delays manufactured by the ministers of justice. *Campbell v. State,* 265 Ark. 77, 576 S.W.2d 938 (1979); *Leggett v. Kirby,* 231 Ark. 576, 331 S.W.2d 267, *cert. den.* 362 U.S. 981 (1960). A speedy trial is a trial conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, or oppressive delays manufactured by ministers of justice; and what constitutes a speedy trial must be determined from the varying circumstances of each particular case with reference to the practical and efficient operation of the law. *Randall v. State,* 249 Ark. 258, 458 S.W.2d 743 (1970). There is no evidence here of any vexatious, capricious, and oppressive delays manufactured by the ministers of justice. Rather, the delay resulting from the nolle prosequi was the result of a lack of evidence, and that is a permissible delay. *Carter, supra.* Although more than four years passed from the date of Jones's arrest on December 30, 1996, and his trial in June of 2001, when the total time consumed by Jones's continuances and the time attributable to the nol-pros are added together and subtracted from the total, Jones was tried within the one-year time requirement of Rule 28.

*Enhancement Based Upon Offenses Committed*
*After the Charged Offense*

 ██ Jones argues that he may not be punished now to a greater extent for the murder of Bey than he could have been had he been tried and convicted before he was able to commit the subsequent felonies. Jones asserts that the felonies he committed after the murder for which he was convicted may not be used to enhance his sentence on that murder conviction. This issue has already been addressed by this court. The date of commission of the offense being used to enhance a sentence under Ark. Code Ann. § 5-4-501 (Supp. 2001) is not relevant. The provisions of the

Arkansas Habitual Criminal Statute are not deterrent, but rather punitive in nature, such that a prior conviction regardless of the date of the crime may be used to increase punishment. *Beavers v. State*, 345 Ark. 291, 46 S.W.3d 532 (2001); *see also Washington, supra*. In this case, Jones's own conduct after the murder caused the enhancement of his sentence, not a change in the law. Further, the enhancement statute is not a distinct additional offense, but rather it provides a guide for the court or jury in fixing final punishment on the charged offense. *Finch v. State*, 262 Ark. 313, 556 S.W.2d 343 (1977).

 Jones, however, argues that use of the offenses committed after the murder constitutes an *ex post facto* application of law in violation of the Arkansas and United States Constitutions. *Ex post facto* is inapplicable here. Long ago, this court stated, "An *ex post facto* law declares an offense to be punishable in a manner that it was not punishable at the time it was committed, and relates exclusively to criminal proceedings." *Taylor v. The Governor*, 1 Ark. 21 (1837). *See also, Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990). An *ex post facto* law is one that makes an action done before the passing of the law, and which was innocent when done, criminal or one that aggravates a crime, or makes it greater than it was, when committed. *Herman, et al v. State*, 256 Ark. 840, 512 S.W.2d 923 (1974).

 For *ex post facto* to apply then, there must be a change in the law which either criminalizes a previously innocent act or which increases the punishment received for an already criminalized act. Jones has made no such argument. The period of enhancement for each crime is laid out in Section 5-4-501(d)(1)(A-F). Section 5-4-501 has been amended a number of times. The murder was committed in 1996, and so only the 1997 and the 2001 amendments could impact this case. Neither amendment made any change to paragraphs (d)(1)(A-F). There is nothing to indicate any change in the relevant law between the murder in 1996 and Jones's sentencing on the murder conviction at issue in this case. There is no issue of *ex post facto* application of any law.

Affirmed.