Cite as 2020 Ark. App. 120

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-484

| | | |
|---|---|---|
| LARRY DAVID DAVIS | | **Opinion Delivered** February 19, 2020 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-18-2636] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Larry David Davis appeals his convictions for commercial burglary and breaking or entering. For his sole point on appeal, Davis argues that the circuit court abused its discretion in denying his motion to dismiss on the basis of a speedy-trial violation. We affirm.

Warrants for Davis's arrest in this case were issued by the Jacksonville District Court on May 24, 2017, but he was not immediately arrested. As evidenced by a case note in the police file, Davis was in custody in Clark County awaiting trial on unrelated charges when the warrants were issued. The Jacksonville Police Department placed a "hold" on Davis so that the warrants would be served after Clark County released him. He was later sentenced to the Arkansas Department of Correction on the Clark County charges. The felony information charging Davis in the instant case in the Pulaski County Circuit Court was filed on July 20, 2018.

At the start of his jury trial in February 2019, Davis moved to dismiss the case. He argued that the delay of more than 400 days between the issuance of the warrants and the filing of the felony information—despite the State's knowledge that he remained in continuous custody—violated his Sixth Amendment right to a speedy trial. The State argued that there was no requirement that the warrants be served within a certain amount of time and that the speedy-trial clock did not start until the felony information was filed.[1] The circuit court denied Davis's motion.

The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his or her arrest is entitled to have the charges dismissed with an absolute bar to prosecution. *Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002) (citing Ark. R. Crim. P. 28.1). When more than one year has passed from the date of arrest, the State bears the burden of showing that sufficient time may be excluded as "legally justified" such that the time that may be counted against speedy trial between arrest and trial does not exceed twelve months. *Id.* The right to a speedy trial is protected by both article 2, section 10 of the Arkansas Constitution and the Sixth Amendment to the United States Constitution. The minimum requirements of the federal constitution on this issue were set out in *Barker v. Wingo*, 407 U.S. 514 (1972). *Id.* Under *Barker* there are four factors to be considered in determining whether an individual received

---

[1]The 2007 amendment to Arkansas Rule of Criminal Procedure 28.2, effective April 26, 2007, changed the speedy-trial start date to the date of arrest, whether the charge is filed before or after that date. *State v. Crawford*, 373 Ark. 95, 100 n.2, 281 S.W.3d 736, 740 n.2 (2008).

2

a speedy trial: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

Davis argues that we should apply the four-factor *Barker* analysis and determine that because the State established no valid reason for delay in serving the arrest warrants, the failure of the police to serve the warrants started the running of the Sixth Amendment speedy-trial period. He contends that allowing the police to intentionally delay service of arrest warrants merely for the sake of delaying a defendant's trial needlessly undermines the many public-policy rationales that underlie the Sixth Amendment right to a speedy trial. Davis urges us to hold that when the police know where the defendant is incarcerated, the Sixth Amendment speedy-trial time begins to run when the police have obtained arrest warrants for the defendant.

This court has previously addressed an alleged Sixth Amendment speedy-trial violation in the case of a more than two-year delay between the issuance of the arrest warrant and the defendant's actual arrest. *Moore v. State*, 87 Ark. App. 385, 192 S.W.3d 271 (2004). The *Moore* court cited *United States v. MacDonald*, 456 U.S. 1 (1982), in which the Supreme Court confirmed that the speedy-trial clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused. The Supreme Court held that although delay prior to arrest or indictment may give rise to a due-process claim under the Fifth Amendment or to a claim under any applicable statutes of limitations, no Sixth Amendment right to a speedy trial arises until charges are pending. *MacDonald*, *supra*. Because Davis has asserted his claim of error only under the Sixth Amendment and there is not a Sixth Amendment speedy-trial right due to

3

pre-indictment or pre-arrest delay, his argument fails. *See Moore*, *supra*. We affirm the circuit court's denial of his motion to dismiss.

Affirmed.

GRUBER, C.J., and VIRDEN, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.