Terry COLEMAN *v.* STATE of Arkansas

CR 96-1022                                          938 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered February 24, 1997

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Terry Coleman, the appellant, was convicted of several charges resulting from burglaries of auto muffler and radiator shops. One of the charges was theft by

receiving. Ark. Code Ann. § 5-36-106 (Repl. 1993). According to § 5-36-106(e)(2)(A), theft by receiving is a class C felony if the property received has a value in excess of $200. The General Assembly recently changed Ark. Code Ann. § 5-36-103 (Supp. 1995) to make theft, as opposed to theft by receiving, a felony if the value of the property taken is over $500, in place of $200. Mr. Coleman argues we should hold § 5-36-106(e)(2)(A) was impliedly amended to make the felony threshold the same amount for theft by receiving. As the General Assembly did not amend the latter statute, we cannot agree with Mr. Coleman's argument. As Mr. Coleman does not argue that the value of the property did not exceed $200, and we hold that amount was the threshold amount for establishment of the class C felony, we affirm the conviction.

Mr. Coleman confessed to having received items he knew had been stolen from the radiator shop. As to the value of the items, the owner testified as follows: (1) microwave oven — purchased for $150 about a year and a half earlier, replacement cost, $125; (2) four unused welding tips — replacement cost, $85; (3) Chicago electric grinder — three years old, replacement cost same as purchase price, $135; (4) small air grinder — six months old, replacement cost, $65; (5) tool tap and die set — fifteen years old, replacement cost, $85; (6) two air ratchets — unused, replacement cost, $130; (7) starter pistol — two years old, replacement cost $25; and (8) floor jack — six months old and "like new," replacement cost, $150. While it appears that a strong case could be made that the value of the items was in excess of the $500 threshold for which Mr. Coleman argues, we need not reach that conclusion in view of our rejection of the argument that § 5-36-106(e)(2)(A) was impliedly amended.

■ Act 277 of 1995 amended only the theft statute, § 5-36-103, and altered none of the terms contained in § 5-36-106, the theft-by-receiving provision. Thus, regardless of changes the Act effected in the language of the theft statute, the language of the theft-by-receiving statute only required the State to show, in order to sustain a class C felony charge, that the value of the property pilfered at the radiator shop exceeded $200.

The title of the Act supports this conclusion. The title, set out below, clearly limits application of the Act to § 5-36-103:

"AN ACT TO AMEND ARKANSAS CODE ANNOTATED 5-36-103 TO INCREASE THE MINIMUM VALUE OF CERTAIN PROPERTY TO $500 FOR FELONY THEFT; AND FOR OTHER PURPOSES."

Nothing in the language of the Act suggests that it was intended to amend the terms of § 5-36-106.

■ "This court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature, making use of common sense." *Rosario v. State,* 319 Ark. 764, 769, 894 S.W.2d 888, 890 (1995). In light of this fundamental principle, it seems impossible to conclude that the legislature intended Act 277 to amend the terms of § 5-36-106. The express language of the Act simply does not permit such a conclusion. Absent a clear indication that "a drafting error or omission [has] circumvent[ed] legislative intent," this Court should not "interpret a legislative act in a manner contrary to its express language." *Id. See State v. McLeod,* 318 Ark. 781, 888 S.W.2d 639 (1994); *Neel v. State,* 317 Ark. 312, 877 S.W.2d 589 (1994).

Mr. Coleman argues that Act 277 applied to theft by receiving because of the "consolidation of offenses" statute. According to that provision,

[a] criminal charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

Ark. Code Ann. § 5-36-102(a)(2) (Repl. 1993). This provision merely merged "all crimes dealing with the wrongful acquisition of property or services into a single, comprehensive offense." Original Commentary to § 5-36-102, Vol. B, p. 219. The drafters hoped that "making theft a single offense, regardless of the manner in which it occurs, will reduce the needless wrangling at both trial and appellate levels over whether particular conduct that

is obviously criminal constitutes one offense rather than another." *Id.* The aim of the statute was simply to prevent a defendant from escaping "conviction of one offense by proving he is actually guilty of another." *Id.*

■ This provision does not authorize a court to alter the elements of one type of theft offense, which has not been amended, by applying to it a statute that amends a different theft offense.

■ We do not make light of Mr. Coleman's point that it may seem illogical for the General Assembly to treat the offenses of theft and theft by receiving property differently in respect to the value of property taken or received in order to constitute a felony. If an oversight has indeed occurred, we assume the General Assembly will correct it. We cannot, however, say for certain that a legislative oversight or mistake has occurred, and we clearly cannot say that a "drafting" error resulted in leaving § 5-36-106 unchanged. As the law stands, Mr. Coleman was shown to be guilty of a class C felony.

Affirmed.