The Honorable Ed Wilkinson State Representative Post Office Box 610 Greenwood, Arkansas 72936-0610
Dear Representative Wilkinson:
This is in response to your request for an opinion regarding A.C.A. §§14-52-105—107 (1987 Supp. 1995). These statutes address holiday compensation, annual leave, and sick leave for municipal law enforcement officers. You have presented the following specific question:
 Are part-time officers (those who work less than twenty (20) hours per week) entitled to the benefits provided under the statutes cited above, and if so, must the same level of benefits be provided regardless of the officer's employment status (full-time versus part-time)?
In my opinion, the General Assembly did not intend to provide full-time benefits to part-time municipal law enforcement officers. It is therefore my opinion that A.C.A. §§ 14-52-105—107 do not apply to part-time municipal law enforcement officers.
Arkansas Code Annotated § 14-52-105 (Supp. 1995), entitled "Holiday compensation," provides in part:
 (a) All law enforcement officers regardless of their titles, such as city marshal, employed by cities of the first or second class or incorporated towns shall be compensated for all legal holidays established by the governing body of the municipality.
 (b) This compensation shall be based on the law enforcement officer's daily rate of pay and in addition to the regular pay schedule.
Arkansas Code Annotated § 14-52-106 (1987), entitled "Annual vacation," provides:
 The head or chief of each police department shall arrange that each employee shall be granted an annual vacation of not less than fifteen (15) working days with full pay.[1]
Finally, A.C.A. § 14-52-107 (1987), entitled "Uniform sick leave," provides in part:
 (a)(1) From and after April 11, 1969, all law enforcement officers, regardless of their titles, such as city marshal, employed by cities of the first and second class or incorporated towns shall accumulate sick leave at the rate of twenty (20) working days per year beginning one (1) year after the date of employment.
The Arkansas Supreme Court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature, making use of common sense. Coleman v. State, 327 Ark. 381,938 S.W.2d 845 (1997); Richie v. Board of Educ., 326 Ark. 587,933 S.W.2d 375 (1996). In addition, the court will not adopt an interpretation of the law that leads to an absurd result. Citizens to Establish a Reform Party v. Priest,325 Ark. 257, 926 S.W.2d 432 (1996). In light of these principles, I cannot envision a court concluding that the General Assembly intended to provide full-time benefits to part-time municipal law enforcement officers.
Although the term part-time law enforcement officer is not defined in the above statutes, provisions of Chapter 9 of Title 12 of the Arkansas Code (entitled "Law Enforcement Officer Training and Standards") provide that "part-time law enforcement officer" means any officer working less than twenty hours per week and receiving a salary from the employing law enforcement agency. See A.C.A. § 12-9-301(5) and A.C.A. § 12-9-401(5) (Repl. 1995). If such part-time officers were provided full-time benefits, it would lead to absurd consequences. A part-time officer who, for example, worked only one day per week (52 days per year) would be entitled to the same benefits as an officer who worked five days per week. The part-time officer would be entitled to take paid vacation on almost one-third of the days that he or she was scheduled to work, and he or she would also be entitled to twenty sick days as well as compensation for holidays. Further, the cost associated with providing full-time benefits to part-time law enforcement officers would virtually prohibit a municipality from hiring part-time law enforcement officers. Therefore, it is my opinion that that the legislature did not intend to provide full-time benefits to part-time municipal law enforcement officers and A.C.A. §§ 14-52-105—107 do not apply to part-time municipal law enforcement officers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] This office has opined that this provision extends only to police officers, including city marshals, rather than to all employees of a police department. Op. Att'y Gen. Nos. 94-019 and 95-247.