The Honorable Joe Wray Prosecuting Attorney Tenth Judicial District 106 East Lincoln Street Post Office Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Wray:
This is in response to your request for an opinion on the following three questions:
 1. May the elected Prosecuting Attorney carry a firearm in the scope of his employment?
 2. May his duly appointed full-time deputy prosecuting attorneys carry firearms in the scope of their employment?
 3. May an investigator employed by the Prosecuting Attorney carry a firearm?
It is my opinion that prosecuting attorneys, and those deputy prosecuting attorneys and staff members designated by the prosecuting attorney, are generally permitted to carry a firearm if they are acting in coordination with law enforcement agencies on investigations and operations.
Law enforcement officers acting in the course and scope of their official duties are authorized by statute to carry weapons. A.C.A. §§ 5-73-104, 119, and 120 (Repl. 1993 Supp. 1995); see also Op. Att'y Gen. No.93-098. For purposes of the criminal code, a law enforcement officer is defined as "any public servant vested by law with a duty to maintain public order or to make arrests for offenses." A.C.A. § 5-1-102(12) (Supp. 1995). In 1993, the General Assembly enacted legislation defining the general duties and powers of prosecuting attorneys. Act 1306 of 1993. With regard to a prosecutor's authority as a law enforcement officer, Act 1306 provides in part:
 The prosecuting attorney and those deputy prosecuting attorneys and other staff members he designates shall be considered law enforcement officers for the purposes of utilizing emergency, protective, and communication equipment in coordination with interagency cooperative investigations and operations. Provided that the prosecuting attorney and all members of his office shall have no greater arrest powers than those accorded all citizens under the Arkansas Constitution and the Arkansas Code.
Act 1306 of 1993, § 4 [now codified as A.C.A. § 16-21-147 (Repl. 1994)].[1]
The Arkansas Supreme Court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature, making use of common sense. Coleman v. State, 327 Ark. 381,938 S.W.2d 845 (1997); Richie v. Board of Educ., 326 Ark. 587,933 S.W.2d 375 (1996). In addition, legislative intent is to be determined by a consideration of all legislation — prior, contemporaneous, and subsequent — on the subject. Phillips Petroleumv. Heath, 254 Ark. 847, 497 S.W.2d 30
(1973); see also Moore v. State, 321 Ark. 249,903 S.W.2d 154 (1995). Based upon these principles, it is my opinion that Act 1306 permits a prosecuting attorney, and those deputy prosecuting attorneys and staff members he designates, to carry a firearm in coordination with interagency cooperative investigations and operations.
Initially, it is my opinion that the phrase protective equipment encompasses a firearm. See generally Act 868 of 1997.[2] It is therefore permissible to utilize a firearm under the conditions specified in the statute. It also seems clear that the General Assembly was concerned with the personal safety of the prosecuting attorney and those members of his staff who were acting in coordination with law enforcement agencies on investigations and operations. This conclusion is supported by the emergency clause of Act 312 of 1993. Act 312 provided in part that the prosecuting attorney of the Twelfth Judicial Circuit and those deputy prosecuting attorneys and other staff members he designates shall be considered law enforcement officers for the purposes of utilizing emergency, protective, and communications equipment in coordination with interagency cooperative investigations and operations. Act 312 of 1993, § 3. The emergency clause of Act 312 noted that personnel of the Twelfth Judicial Circuit were "cooperating with law enforcement agencies in manners such as to incur threats to their personal safety and the safety of persons they are working with, and that protective measures need to be taken in order to encourage the Prosecutor's Office to undertake such actions which result in greater cooperation between law enforcement agencies within the District and more effective and efficient law enforcement in all areas and particularly the war on drugs." Because Act 312 and Act 1306 contain comparable language, the language in the emergency clause of Act 312 is helpful in determining the intent of the legislature with regard to Act 1306.
It must, however, be noted that more recent legislation indicates that certain prosecuting attorneys and members of their staffs may be permitted to carry a firearm even if they are not acting in coordination with law enforcement agencies on investigations and operations. Seegenerally Act 1148 of 1995, Act 522 of 1997, Act 487 of 1997. Section 3 of Act 1148 of 1995 provides in part that the prosecuting attorney of the Twelfth Judicial Circuit and those deputy prosecuting attorneys and other staff members he designates "shall be considered law enforcement officers for the purposes of utilizing emergency, protective, and communications equipment." Similarly, Act 487 of 1997 provides in part that "the prosecuting attorney of the Twenty-First (21st) Judicial District and the deputy prosecuting attorneys and other staff members he designates shall be considered law enforcement officers for the purposes of utilizing emergency, protective, and communications equipment." Acts 1148 and 487 omit any reference to actions in coordination with law enforcement agencies; therefore, it is my opinion that the specified prosecuting attorneys and designated members of their staffs are permitted to carry a firearm as long as they are in the scope of their official duties. Also, in the Sixth Judicial District, deputy prosecuting attorneys, investigators, and certain other staff members are considered law enforcement officers for all protective, emergency, investigative, and communication purposes, either individually or in coordination with interagency cooperative investigations and operations. Act 997 of 1993 [codified at A.C.A. § 16-21-1102]; Act 522 of 1997. Further, all investigators in the Sixth Judicial District possess all law enforcement officer powers. A.C.A. § 16-21-1102(a)(2)(C); Act 522 of 1997; see also
Act 1244 of 1995 (investigator in Eleventh Judicial District-West) and Act 868 of 1997 (investigators in Eighteenth Judicial District-West). Because a general statute does not apply when there is a specific statute covering a particular subject matter, Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994), legislation governing a specified judicial district must be considered with regard to the authority of the prosecuting attorney, deputy prosecuting attorneys, and investigators from such a district.
Finally, I note that your letter refers to Act 585 of 1989 (codified as a note to A.C.A. § 16-21-1501 (Repl. 1994)) which authorizes the prosecuting attorney of the Tenth Judicial District to appoint investigators and case coordinators "at such salaries as are authorized in the grant awards from the Department of Finance and Administration, Intergovernmental Services, Drug Law Enforcement Program, Anti-Drug Abuse Act of 1986." Investigators appointed pursuant to that act are specifically granted "jurisdiction throughout the judicial district served, and have the power granted to peace officers by the statutes of this State." (Emphasis supplied.) In Opinion No. 93-109 this office interpreted comparable legislation, Act 97 of the Third Extraordinary Session of 1989, and it was concluded that investigators appointed to the Seventh Judicial District Drug Law Enforcement Program had the powers granted to peace officers. In my opinion, Act 1306 of 1993 and Act 585 of 1989 are consistent in that if an investigator in the Tenth Judicial District is working for an anti-drug operation pursuant to Act 585, then he or she will be acting in coordination with an interagency cooperative investigation and operation pursuant to Act 1306 and will be permitted to carry a firearm.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Acts 312 and 878 of 1993 contained nearly identical provisions; however, Act 312 applied only to the Twelfth Judicial District and Act 878 applied only to the Fifth Judicial District. (Act 312 was codified at A.C.A. § 16-21-1703.) In addition, Act 853 of 1993 provided in part:
 The prosecuting attorney of the Eighteenth Judicial District-West and those deputy prosecuting attorneys so designated shall be considered law enforcement officers for the purpose of utilizing emergency, protective, and communication equipment in the performance of their official duties and in coordination with inter-agency cooperative investigations and operations.
Act 853 of 1993, § 4 (emphasis supplied).
[2] Act 868 of 1997 provides in part:
 The prosecuting attorney of the Eighteenth Judicial District-West and those deputy prosecuting attorneys so designated shall be considered law enforcement officers for the purpose of utilizing emergency, protective, and communication equipment in the performance of their official duties and in coordination with inter-agency cooperative investigations and operations, specifically incorporating but not limited to the provisions of Arkansas Code Annotated § 5-73-120(c)(1).
(Emphasis supplied.) Act 868 contains language identical to Act 853 of 1993 (see note 1); however, the underlined sentence concerning A.C.A. §5-73-120(c)(1) was added. Although A.C.A. § 5-73-120(c)(1) permits a person to carry a weapon "in his own dwelling, place of business, or on property in which he has a possessory or proprietary interest," it seems apparent that the legislature intended to clarify that carrying a firearm was contemplated by the language of the act. (A.C.A. § 5-73-120(c)(2) permits a law enforcement officer acting in the course and scope of his official duties to carry a firearm.)