Anthony Arnez NELSON *v.* STATE of Arkansas

CR 02-442                                                        86 S.W.3d 909

Supreme Court of Arkansas
Opinion delivered October 24, 2002

*William R. Simpson, Jr.*, Public Defender; *Don Thompson*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

W H. "Dub" Arnold, Chief Justice. On November 13, 1999, appellant, Anthony Nelson, entered a 1995 Chrysler LeBaron automobile owned by Fiona Mitchell while it was parked in front of a convenience store in Little Rock. Ms. Mitchell was inside the store at the time appellant entered the vehicle, but Theresa Witt was sitting in the passenger's seat of the car. After entering the vehicle, appellant began to drive the car away from the store. As he was leaving the store, appellant threatened to kill Ms. Witt if she tried to escape. However, Ms. Witt was able to escape by jumping from the vehicle. She returned to the store and reported the theft to Ms. Mitchell.

After stealing Ms. Mitchell's vehicle, appellant proceeded to Faulkner County and robbed a Blockbuster video store. During the robbery, appellant threatened the store manager and a customer.

On the same evening, Bobby Harvill, a patrolman for the City of Conway, received a description and license plate number for Ms. Mitchell's car. He was informed that the vehicle was stolen in Pulaski County and was being driven by a suspect involved in a robbery at a Blockbuster video store in Conway. After receiving this information, he spotted a vehicle that matched the description driving eastbound on I-40. Patrolman Harvill attempted to stop the vehicle. When patrolman Harvill finally stopped the vehicle, he identified appellant as the driver. Appellant was then arrested. Patrolman Harvill testified that appellant was arrested for fleeing, robbery, terroristic threatening, and theft by receiving. He explained that the theft-by-receiving arrest was based on a report from Little Rock of a stolen automobile.

On November 14, 1999, Conway police notified Little Rock authorities that they had arrested appellant on various charges. The Little Rock authorities recognized that charges might be brought against appellant for the robbery and kidnapping of Ms. Witt and the theft of Ms. Mitchell's property committed in Pulaski County, and requested that appellant be held pending such charges.

On November 15, 1999, the prosecutor in Faulkner County filed a felony information charging appellant with robbery, terroristic threatening, and fleeing. On November 22, 1999, the Little Rock Municipal Court issued arrest warrants for appellants for the crimes of aggravated robbery, kidnapping, and theft of property. On May 12, 2000, appellant was convicted of the Faulkner County charges and sentenced to a total of fifty years' imprisonment. On that same day, appellant was arrested by Pulaski County authorities. On June 13, 2000, an information was filed in Pulaski County charging appellant with aggravated robbery, kidnapping, and theft of property. These charges stemmed from the crimes against Teresa Witt and Fiona Mitchell that occurred on November 13, 1999.

On January 17, 2001, appellant filed a motion to dismiss the charges filed in Pulaski County. In his motion, appellant argued that the State was required to bring him to trial within one year from the date of his arrest. Appellant further argued that his arrest in Faulkner County on the charge of theft by receiving on November 13, 1999, began the running of the time for speedy trial in Pulaski County. Because more than one year had passed since the date of his arrest in Faulkner County, appellant argued that the Pulaski County charges should be dismissed for violation of his right to a speedy trial. On January 22, 2001, a hearing was held on appellant's motion to dismiss. The trial court denied the motion.

On January 24, 2001, appellant stood trial in Pulaski County Circuit Court. A jury found appellant guilty of aggravated robbery, theft of property, and kidnapping. He was sentenced to a total of fifty years' imprisonment in the Arkansas Department of

Correction and was given credit for the 437 days that he had already served.

■ Appellant appealed his case to the Arkansas Court of Appeals. On appeal, he argued that he was not timely brought to trial in Pulaski County, and that based on this speedy-trial violation his convictions should be reversed and dismissed. Specifically, appellant argued that the crimes that occurred in Faulkner County were connected to the crimes that occurred in Pulaski County. He further argued that, because the crimes were part of the same criminal episode the arrest in Faulkner County triggered the running of time for purposes of speedy-trial calculations and that, because he was not brought to trial in Pulaski County within one year from his arrest in Faulkner County, Pulaski County was barred from prosecuting appellant. The court of appeals agreed with appellant's contention and reversed and dismissed his case. See Nelson v. State, 77 Ark. App. 156, 72 S.W.3d 526 (2002).

On May 6, 2002, the State filed a petition for review with our court. In its petition, the State argued that the court of appeals' decision contained errors of law and that it conflicted with published supreme court opinions. On July 6, 2002, we accepted the petition for review. When we grant review following a decision by the court of appeals, we consider the case as though it had been originally filed with this court. Guydon v. State, 344 Ark. 251, 39 S.W.3d 767 (2001). After reviewing appellant's contentions, we affirm the trial court and reverse the opinion of the court of appeals.

■ In his only point on appeal, appellant contends that the trial court erred when it denied his motion to dismiss the charges filed against him in Pulaski County because the State failed to prosecute their case against him within twelve months from the date he was arrested. In Burmingham v. State, 346 Ark. 78, 57 S.W.3d 118 (2001), we explained:

The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with an absolute bar to prosecution. When a defendant is not brought

to trial within a twelve-month period, the State has the burden of showing the delay was legally justified. Once the defendant has made a *prima facie* showing of a violation. . . the State bears the burden of showing that there has been no violation, in that some of the time comprising the one-year period provided in the rule is to be excluded as legally justified. It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. The burden is on the courts and the prosecutors to see that trials are held in a timely fashion.

*Burmingham, supra.* (internal citations omitted); *see also* Rule 28.1 of the Arkansas Rules of Criminal Procedure.

Rule 28.2 of the Arkansas Rules of Criminal Procedure articulates the time when speedy trial begins to run. The Rule provides in relevant part:

The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for *the same offense* or *an offense based on the same conduct* or *arising from the same criminal episode*, then the time for trial shall commence running from the date of arrest.

*Id.* (emphasis added). *See also Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).

Rule 30.1 of the Rules of Criminal Procedure explains the consequences of the State's failure to bring a criminal defendant to trial within twelve months. The Rule provides:

[A] defendant not brought to trial before the running of the time for trial, as extended by excluded periods, shall be absolutely discharged. This discharge shall constitute an absolute bar to prosecution for the offense charged and for any other offense required to be joined with that offense.

*Id.*

Appellant argues that the theft-by-receiving charge for which he was arrested in Faulkner County constitutes the same crime as the theft-of-property charge for which he was arrested in Pulaski County.[1] With regard to the crime of theft by receiving, Arkansas Code Annotated § 5-36-106 (Repl. 1997), provides the following elements:

> (a) A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.

*Id.* This statute should be contrasted with Arkansas Code Annotated § 5-36-103 (Supp. 2001) which establishes the elements of the crime of theft of property. The statute provides in relevant part:

> (a) A person commits theft of property if he:
> (1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof;

*Id.*

Appellant argues that Arkansas Code Annotated § 5-36-102 (Repl. 1997) expressly provides that theft by receiving and theft of property constitutes one offense. Arkansas Code Annotated § 5-36-102 provides:

> (a)(1) Conduct denominated theft in this chapter constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses.

*Id.* We discussed this statute in *Coleman v. State*, 327 Ark. 381, 938 S.W.2d 845 (1997). In that case, we explained:

---

[1] We note that the arrest in Faulkner County was for offenses occurring in Faulkner County, namely, for terroristic threatening, robbery of a Conway Blockbuster video store, fleeing, and theft-by-receiving. The information filed in Faulkner County charged appellant with robbery, terroristic threatening, and fleeing.

> [T]his provision [Ark. Code Ann. § 5-36-102] merely merged "all crimes dealing with the wrongful acquisition of property or services into a single, comprehensive offense." Original Commentary to § 5-36-102, Vol. B, p. 219. The drafters hoped that "making theft a single offense, regardless of the manner in which it occurs, will reduce the needless wrangling at both trial and appellate levels over whether particular conduct that is obviously criminal constitutes one offense rather than another." *Id.*

*Coleman, supra.* In *Coleman,* we also explained that "the aim of the statute was simply to prevent a defendant from escaping conviction of one offense by proving he is actually guilty of another." *Id.* (citing the Original Commentary to § 5-36-102, Vol. B, p. 219).

The threshold question is whether the arrest on November 13, 1999, in Faulkner County was for the same offense or for an offense based on the same conduct or arising from the same criminal episode as those offenses for which appellant was tried in Pulaski County on January 24, 2001. *See* Rule 28.2 of the Arkansas Rules of Criminal Procedure. This is a threshold question because if the crimes committed by appellant in Pulaski County are not related to the crimes committed in Faulkner County, then November 13, 1999, is not the date from which speedy-trial calculations begin. If the criminal acts are mutually exclusive, then the date to start the running of speedy trial for the case filed in Pulaski County is May 12, 2000, which is the date that appellant was arrested by Pulaski County authorities.

With the elements of each crime in mind, we review the facts in this case. On November 13, 1999, in Pulaski County, appellant entered a vehicle, owned by Fiona Mitchell. After entering the vehicle, appellant began to drive away in the vehicle without Ms. Mitchell's permission. Appellant subsequently drove Ms. Mitchell's car to Faulkner County.

Applying the elements of the crimes to the facts of the case, we conclude that the crimes committed in Pulaski County, including kidnapping, aggravated robbery, theft of property and its associated crime of theft by receiving are separate and distinct from

the crimes committed in Faulkner County, namely, robbery, terroristic threatening, fleeing, and theft by receiving.

If we were to accept appellant's contention that all crimes involving theft are statutorily merged with similar crimes involving theft, regardless of the facts surrounding the crimes, we would be creating an absurd interpretation of the statute. Specifically, the legislature did not intend to create a statue that would merge an instance of theft by receiving that was committed in one jurisdiction with an instance of theft of property committed in a second jurisdiction. Clearly, these two crimes are separate and distinct. Appellant's proposed interpretation of Ark. Code Ann. § 5-36-102 is particularly untenable when applied to factual circumstances that establish that the theft crimes were not committed in the same criminal episode.

As the facts in the case now before us demonstrate, the crime of theft of property was completed when appellant took Ms. Mitchell's car. Based on his actions, Pulaski County could charge appellant with theft of property. It is true that a charge of theft by receiving based on appellant's actions in Pulaski County, filed in Pulaski County, would merge with the original offense of theft of property pursuant to Ark. Code Ann. § 5-36-102. However, this merger of the crimes committed in Pulaski County does not affect the charging options available to Faulkner County. It is clear that Faulkner County could not charge appellant with theft of property because the offense was completed before appellant entered Faulkner County. However, Faulkner County could charge appellant with theft by receiving because that crime occurred in Faulkner County when appellant, knowing that the vehicle was stolen, retained possession of the property. Appellant's interpretation of Ark. Code Ann. § 5-36-102, requiring merger of two distinct crimes committed in two distinct criminal episodes would create an absurd result.

Finally, appellant cites *Hall v. State*, 299 Ark. 209, 772 S.W.2d 317 (1989), and *State v. Reeves*, 264 Ark. 622, 574 S.W.2d 647 (1978), in support of his argument that the theft-by-receiving charge for which he was arrested in Faulkner County is the same

offense as the theft-of-property charge for which he was arrested in Pulaski County. We do not agree with appellant's reading of the cases. Although the cases do stand for the proposition that theft by receiving is a continuous offense, they do not conclude that theft by receiving and theft of property are the same offenses. *See Reeves, supra* (holding that retaining possession of a stolen automobile is a continuous course of conduct); *Hall, supra* (holding that theft by receiving is a continuing offense for the purposes of establishing sufficient evidence as the underlying offense in a felony-murder case). As previously discussed, there may be factual instances when theft by receiving and theft of property are merged and therefore become the same offense. However, the facts of the case now before us do not present such a situation.

■ After reviewing appellant's contentions, the applicable statutory provisions, and appellant's actions, we hold that the theft-by-receiving charge for which appellant was arrested in Faulkner County did not link the distinct crimes committed in Faulkner County to the distinct crimes including the theft-of-property charge for which appellant was subsequently arrested in Pulaski County.

Next, we consider whether the events in Pulaski County and Faulkner County constitute the same criminal episode. To make this determination, we again review the facts surrounding the crimes.

On November 13, 1999, at a convenience store in Little Rock, appellant entered a vehicle owned by Fiona Mitchell. Teresa Witt was a passenger in Ms. Mitchell's car when appellant entered the vehicle. Appellant threatened to kill Ms. Witt if she attempted to get out of the car. After threatening Ms. Witt, appellant drove away in Ms. Mitchell's car with Ms. Witt. On June 13, 2000, based on these facts, Pulaski County charged appellant by criminal information with the crimes of aggravated robbery, kidnapping, and theft of property.

After kidnapping Ms. Witt and stealing Ms. Mitchell's car, appellant then proceeded to Faulkner County where he robbed a

Blockbuster video store. During this robbery he threatened several individuals, and attempted to flee from the police. On November 15, 1999, based on these facts, Faulkner County charged appellant by criminal information with the crimes of robbery, terroristic threatening, and fleeing.

██ ██ We conclude the crimes appellant committed in Pulaski County were not part of the same criminal episode as the crimes appellant committed in Faulkner County.[2] Specifically, appellant's arrest in Pulaski County was based on the robbery and kidnapping of Ms. Witt and the theft of Ms. Mitchell's car. By contrast, appellant's arrest in Faulkner County was based on robbing a Blockbuster video store and fleeing from the police in a car that was reported stolen. The Faulkner County crimes were not related to appellant's actions in Pulaski County except that the car that appellant stole in Pulaski County was still being used by appellant for his transportation when he committed the distinct Faulkner County crimes. Because the events that led to appellant's arrest on November 13, 1999, in Faulkner County are not part of the same criminal episode as the events for which appellant was later prosecuted in Pulaski County, we hold that November 13, 1999, was not the date from which speedy trial commenced on the charges in Pulaski County. The prosecution of appellant in Pulaski County on January 24, 2001, which is less than twelve months from May 12, 2000 (the date that appellant was arrested for his crimes committed in Pulaski County), was timely. Accordingly, the trial court correctly denied appellant's motion to dismiss.

The trial court is affirmed, and the court of appeals is reversed.

---

[2] We note that in its consideration of this case, the court of appeals looked to cases involving Rule 21.1 of the Arkansas Rules of Criminal Procedure. This Rule addresses joinder and severance of offenses. *See Nelson, supra.* We do not find these cases persuasive on the issue of when speedy trial commences.