Mack YANCY, Jr. *v.* STATE of Arkansas

CA CR 03-303                                               146 S.W.3d 375

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered February 11, 2004

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Mack Yancy, Jr., appeals his conviction for theft by receiving after a bench trial in Pulaski County Circuit Court. As his sole point on appeal, appellant asserts that the State failed to bring him to trial within the mandates of the speedy-trial rule, so that the trial court erred by not dismissing the charge against him. We affirm.

Appellant bases his argument on the theory that because he was also charged with the offense of breaking or entering that occurred on the same night, and that because that charge was dismissed for violation of the speedy-trial rule, then the charge of theft by receiving should also have been dismissed as having arisen out of the same criminal episode. We disagree with his argument.

Generally speaking, a defendant who is lawfully at liberty must be brought to trial within twelve months of his arrest or being charged, whichever occurs first. *See* Ark. R. Crim. P. 28.1(c) (2003). Arkansas Rule of Criminal Procedure 28.2(a) delineates the date from which speedy-trial begins to run, and it provides in relevant part:

> The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or *arising from the same criminal episode*, then the time for trial shall commence running from the date of arrest.

(Emphasis added.) *See also Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000).

Rule 30.1 of the Rules of Criminal Procedure explains the consequences of the State's failure to bring a criminal defendant to trial within twelve months. The Rule provides:

[A] defendant not brought to trial before the running of the time for trial, as extended by excluded periods, shall be absolutely discharged. This discharge shall constitute an absolute bar to prosecution for the offense charged and for any other offense required to be joined with that offense.

*Id.*

In *Burmingham v. State*, 346 Ark. 78, 57 S.W.3d 118 (2001), the supreme court explained the rationale behind the relevant law:

The basic rule regarding speedy trial is that any defendant in circuit court who is not brought to trial within twelve months from the date of his arrest is entitled to have the charges dismissed with an absolute bar to prosecution. When a defendant is not brought to trial within a twelve-month period, the State has the burden of showing the delay was legally justified.

....

It is generally recognized that a defendant does not have to bring himself to trial and is not required to bang on the courthouse door in order to preserve his right to a speedy trial. The burden is on the courts and the prosecutors to see that trials are held in a timely fashion.

*Burmingham,* 346 Ark. at 83-84, 57 S.W.3d at 122. (Internal citations omitted); *see also* Rule 28.1 of the Arkansas Rules of Criminal Procedure.

With these legal principles in mind, we examine whether the crimes for which appellant was charged are part of the same criminal episode for purposes of speedy trial. As did the trial court, we conclude that they are not.

The relevant facts are that on the night of April 28, 2001, at approximately 3:00 a.m., appellant was seen on the parking lot of a North Little Rock Wal-Mart by the store's security guard, and appellant was observed wiping off the number 1500 from the windshield of a blue Ford Ranger pickup truck. The security guard approached, and appellant explained that he needed a "jump," spontaneously and repeatedly stating that the truck belonged to him. The security guard was suspicious of his insistence of ownership, so he notified the store manager, who in turn notified the police.

Police obtained a description of appellant, and he was found shortly after dispatch in a nearby bank parking lot inside a silver Ford Bronco belonging to Chadwick Hunnicut. Appellant was arrested for breaking or entering Hunnicut's Bronco that night. The arresting officer stated that he did not have sufficient information at that time to arrest appellant for any crime with regard to the Ranger truck. Further investigation by the police regarding the Ranger revealed that the truck belonged to Mike's Motors, a used-car dealership. The dealership's owner verified that the truck, a 1985 Ford Ranger pickup, had a $1500 price written on the windshield in shoe-polish-type marking. Appellant was not arrested for theft by receiving the Ranger until August 18, 2001.

On July 1, 2002, the State filed an amended felony information to join the breaking-or-entering charge to the theft-by-receiving charge for purposes of trial. Appellant was brought to trial for both offenses on July 15, 2002. Appellant moved to dismiss both charges stating that he had not been afforded a speedy trial. The State agreed that the breaking-or-entering charge should be dismissed because more than a year had elapsed since his arrest in April 2001 on that charge. The trial judge granted the motion. However, with regard to the theft-by-receiving charge, the State asserted that an arrest was not effected until August 2001 such that the speedy-trial rule had not been violated. Appellant countered that both crimes were part of the same episode on the same night such that the April 2001 arrest date should commence the running of time for speedy-trial purposes.

The State argued to the trial judge that the crimes were distinct from one another and were committed against different victims, even though they were alleged to have occurred on the same night. The trial judge ruled against appellant on this motion to dismiss, appellant was convicted, and this appeal resulted.

Appellant argues to us that the State's act of joining the two charges proved that the charges were required to be joined, that the State ought to bear all the consequences of its decision, and that the consequence is that the State was prohibited by the speedy-trial rule from prosecuting the theft charge. We cannot agree with his contention. In *Nelson v. State*, 350 Ark. 311, 86 S.W.3d 909 (2002), the supreme court said that any cases construing the criminal rules concerning joinder and severance of trials were unpersuasive on the issue of when the time commences for speedy-trial purposes.

■ To the extent that appellant argues that this was a single criminal episode, which would mandate that the first arrest begin the time period to run, we likewise find this argument unpersuasive. In *Nelson v. State, supra*, the supreme court held that appellant Nelson was not in the midst of the "same criminal episode" for purposes of setting the time for a speedy trial in motion. Nelson entered a woman's vehicle at a Little Rock convenience store, driving off with a female passenger left inside. Nelson proceeded to drive the car to Conway where he robbed a Blockbuster video store, threatened persons therein, and fled from police in the stolen vehicle. Conway police apprehended Nelson that night, charging him shortly thereafter with the Faulkner County crimes. Nelson argued that when he was arrested in November 1999 for the Faulkner County crimes, which included theft by receiving the car, this began the time to run on the Pulaski County offenses as well. Nelson was not arrested by Pulaski County authorities until May 2000 for the offenses committed there, including theft of the car. The supreme court disagreed that all the crimes committed that night were part of the "same criminal episode" even in light of Nelson's continued use of the stolen car to commit the next crimes. Thus, the supreme court held that the speedy-trial time period for the Pulaski County crimes began to run from the date he was arrested by Pulaski County authorities, not the date he was arrested by Faulkner County authorities. *See id.*

■ We find that *Nelson v. State, supra*, is controlling precedent. In the present appeal, the argument is less convincing than Nelson's. Appellant Yancy was charged with breaking and entering a vehicle (the Bronco) on the same date he was seen acting suspiciously with another vehicle (the Ranger) in a different parking lot. These are different vehicles, different locations, and

different victims. We hold that the time for speedy trial commenced to run on the date of arrest for the theft by receiving the Ranger truck, August 18, 2001, and as such, the trial conducted on that charge in July 2002 was timely for speedy-trial purposes.

Affirmed.

BIRD, BAKER, and CRABTREE, JJ., agree.

GRIFFEN and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I would reverse Mark Yancy's theft-by-receiving conviction for lack of speedy trial because I believe that it is part of the same criminal episode as the breaking-and-entering offense charged in the same amended information. *See* Ark. R. Crim. P. 28.2(a). Here, the criminal episode involved the theft of a Ford Ranger pickup from a used car lot, appellant's possession of this vehicle in a Wal-Mart lot in the early morning hours shortly after it was stolen, and his unauthorized entry into a second vehicle shortly afterward. When the first vehicle broke down on the Wal-Mart lot, Yancy sought help from a security guard there, who became suspicious and called the police. Officers who immediately came to the scene found Yancy inside a Ford Bronco in an adjoining parking lot and arrested him only for breaking and entering the Bronco. The charge of theft by receiving with regard to the Ford Ranger was later added by amendment. This is clearly a single criminal episode, in which Yancy successively attempted to steal or possess two vehicles in a single evening, or was attempting to avoid detection with regard to the first vehicle by entering the second.

This case is clearly distinguishable from *Nelson v. State*, 350 Ark. 311, 86 S.W.3d 909 (2002), the speedy trial case relied upon by the majority. The supreme court does acknowledge in *Nelson* that the offenses involved widely different crimes and were committed and filed in two different counties, but does not further explain why the various offenses were not a part of the same criminal episode. The opinion simply recites the facts and states its conclusion, with no analysis. However, in *Nelson*, a vehicle was stolen in one county and was simply used by the appellant to travel to a second county where he robbed a video store. Thus, the similarity and connection to each other of the offenses in Yancy's case are not present in *Nelson*. Moreover, unlike *Nelson,* the State chose to amend the information and combine the two charges against Yancy. Arkansas Rule of Criminal Procedure 21.2, joinder of offenses, provides:

Two (2) or more offenses may be joined in one (1) information or indictment with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:

(a) are of the same or similar character, even if not part of a single scheme or plan; or

(b) are based on the same conduct *or on a series of acts connected together or constituting parts of a single scheme or plan.*

(Emphasis added.) Arkansas Rule of Criminal Procedure 28.2(a) delineates the date from which speedy trial begins to run, and it provides in relevant part:

The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant, has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or *arising from the same criminal episode,* then the time for trial shall commence running from the date of arrest.

(Emphasis added.) I note that the supreme court has differentiated between "single scheme or plan." and "criminal episode," in upholding a trial court's refusal to sever offenses, as follows:

They argue that the offenses are not part of a single scheme or plan. That assertion is debatable, but whether they were part of a single plan or simply random, disconnected crimes, is beside the point, because they constitute one criminal episode and when a series of acts are connected, that is enough to give the state a right to join them in a single information.

*Ruiz v. State,* 273 Ark. 94, 99, 617 S.W.2d 6, 9 (1981).

One who burglarizes an office on January 1 and a home on February 1 may be charged in the same information with both offenses, since they are "of similar character." He would be entitled to a severance under Rule 22.2(a), however, unless the offenses were part of a single scheme or plan or criminal episode. Even though roughly the same type of conduct might be argued to be

> involved in both burglaries, justifying joinder under Rule 21.1(b), the term "same conduct" in Rule 21.1(b) was probably intended to be read literally to refer to contemporaneous events and to permit joinder in a situation where, for example, a defendant robs three persons simultaneously.

*See Commentary* to Ark. R. Crim. 21.1 (2003).

Thus, the same acts that would unquestionedly be viewed as part of one criminal episode or a single scheme or plan for purposes of joinder and severance issues are somehow not connected when the spectre of a "speedy trial" reversal rears its more troublesome head. Undoubtedly, the State would take the opposite position on the facts of this case had Yancy sought severance of the charges. It is just not reasonable to attempt to characterize Yancy's actions on the evening in question as "simply random, disconnected crimes," rather than a single criminal episode or single scheme or plan. The majority seems to suggest that because Yancy was not charged with an offense involving the Ranger until "months later" and was seen on a "different parking lot," there is no connection between the two offenses and *Nelson* is controlling; the majority employs no more analysis than did the *Nelson* court in reaching this conclusion. *Nelson, supra,* may allow the State to take this untenable position, but it does not compel this court to go even further down the path the supreme court took in *Nelson*.

GRIFFEN, J., joins.